**UNITED STATES of America**

v.

**Seymour PECK.**

**Crim. No. 1214–56.**

United States District Court District of Columbia.

Feb. 6, 1957.

William Hitz, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Telford Taylor, New York City, Joseph A. Fanelli, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The defendant was indicted on a charge of violation of Title 2 U.S.C.A. §

192 [1] for unlawful refusal to answer certain questions before the Internal Security Subcommittee of the Committee on the Judiciary of the United States Senate. The defendant has moved to dismiss the indictment upon various grounds which will be discussed herein. After hearing oral argument, the Court took the motion under advisement. In addition the defendant submitted a motion, without argument, for a hearing on the qualifications of the grand jurors.

The indictment in question states in part that "On January 6, 1956, * * * the [Internal Security] Subcommittee * * * was conducting hearings, pursuant to the Legislative Reorganization Act of 1946, Section 102(1) (k), (60 Stat. 818) and to Senate Resolution 366 of the 81st Congress and 58 of the 84th Congress, and to the Standing Rules of the Senate. Defendant, Seymour Peck, appeared as a witness before that Subcommittee * * * and was asked questions which were pertinent to the question then under inquiry. Then and there the defendant unlawfully refused to answer those pertinent questions."

The defendant has argued that the indictment is invalid under the First Amendment but has conceded that this issue must be disposed of in the Government's favor in view of Watkins v. United States, 1956, 98 U.S.App.D.C. 190, 233 F.2d 681, certiorari granted 1956, 352 U.S. 822, 77 S.Ct. 62, 1 L.Ed. 2d 46.

■ The defendant argues strongly, however, that the indictment is defective and must be dismissed as a result of the failure to allege essential elements of the offense charged. These elements which it is said are not pleaded are (a) "that the 'question then under inquiry'

was within the scope of authority delegated to the Committee by Congress and to the Subcommittee by the Committee," and (b) the nature of the "question then under inquiry". This Court, however, understands the recent decision of our Court of Appeals in Barenblatt v. United States, D.C.Cir., 240 F.2d 875, 878, to require that the defendant's contentions be overruled. Under that decision the indictment herein involved would appear to satisfy the requirements of Fed.Rules Crim.Proc. rule 7(c), 18 U.S. C.A. In Barenblatt the Court of Appeals held that an indictment similar in form "stated all the elements of the offense charged and served notice on appellant as to what conduct on his part constituted the alleged offense".

■ The defendant's final argument is that the questions which he refused to answer were not pertinent to "any matter that the Subcommittee was authorized to investigate". In this regard the Court notes that the Committee on the Judiciary, or any authorized subcommittee, was empowered by the Senate "to make a complete and continuing study and investigation of * * * the extent, nature, and effects of subversive activities in the United States * * * including, but not limited to, espionage, sabotage, and infiltration by persons who are or may be under the domination of the foreign government or organizations controlling the world Communist movement * * *." Sen.Res. 336, 81st Cong., 2nd Sess. (1950). In Sacher v. United States, 240 F.2d 46, the United States Court of Appeals for the District of Columbia Circuit held this resolution to be valid. In view of the broad authority granted in the resolution, this Court cannot now say that the questions asked the defendant could not be pertinent to "any

---

1. "Refusal of witness to testify. Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months."

matter that the Subcommittee was authorized to investigate". The determination as to whether those questions were, in fact, pertinent will have to be made after a trial upon the facts.

The defendant alleges, but does not argue, other grounds for dismissing the indictment, which grounds the Court also finds to be without merit.

■ Although defendant has moved for a hearing on the qualifications of grand jurors, he has suggested that the Court reserve judgment thereon on the grounds that the Supreme Court may speak authoritatively on this question in a pending case, Watkins v. United States, 352 U.S. 822, 77 S.Ct. 62. This Court does not deem it advisable to delay its ruling merely because a similar question has been argued to the Supreme Court in a case involving numerous legal and constitutional issues. The defendant's reason for requesting a hearing on the qualifications of grand jurors is that fourteen of the twenty-three grand jurors who returned the indictment against him were government employees. The defendant argues that because they are government employees they may not properly serve on a grand jury returning an indictment for contempt committed before the Internal Security Subcommittee. In this regard defendant refers to "pressures resulting from the loyalty and security programs". Similar arguments were found to be without merit by the United States Court of Appeals for the District of Columbia Circuit in three recent cases, reversed by the U. S. Supreme Court on other grounds, Quinn v. United States, 1953, 91 U.S.App.D.C. 334, 203 F.2d 20, reversed 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964; Bart v. United States, 1953, 91 U.S.App.D.C. 370, 203 F.2d 45, reversed 349 U.S. 219, 75 S.Ct. 712, 99 L.Ed. 1016; Emspak v. United States, 1953, 91 U.S.App.D.C. 378, 203 F.2d 54, reversed 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997. As the Supreme Court did not reach the issue of the qualifications of the grand jurors in the above-cited cases, this Court feels bound by the portions of those opinions which express the views of the Court of Appeals concerning the granting of hearings. In light of the pertinent statements in the cited cases, this Court does not believe that a valid cause has been shown for the granting of a hearing. Accordingly, the defendant's request will be denied.