**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Samir Ibrahim TANTASH, Defendant-**
**Appellant.**

No. 23383.

United States Court of Appeals
Ninth Circuit.

March 24, 1969.

Rehearing Denied April 3, 1969.

Certiorari Denied June 16, 1969.
See 89 S.Ct. 2115.

Morris Futlick (argued), Fresno, Cal., for appellant.

Richard Boulger (argued), Asst. U. S. Atty., John P. Hyland, U. S. Atty., Fresno, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Appellant stands convicted of refusal to report for and submit to induction into the armed forces. He is a Jordanian alien with minimal familiarity with the English language. In various respects he asserts that he was not afforded sufficient consideration by his local board and the induction authorities. On this appeal he contends that his conviction should be set aside due to his lack of knowledge of his rights and obligations and of the courses open to him. We find no merit in any of his contentions.

The record establishes that he was fairly processed and received notice of his I–A classification. He made no request for change of classification and the local board is not to be faulted for failing to treat him as though he had.

After his first failure to report for induction a special agent conferred with him to impress upon him the seriousness of his default. He gave no indication of a desire to change his classification but stated that he wished to serve in the armed forces.

After his second failure to report the special agent called to ascertain the reason and explained that he might well be rejected due to his language deficiencies. His response was, "I no go army. If I go induction station and take test and get lucky and pass test, I am in army. Go Viet Nam and get killed. I no go. You want me, you come and get me."

■■ Appellant was not entitled to be provided with legal assistance in the selective service process. 32 CFR 1624.1(b). We find no error in the instructions. Exclusion of minors from the jury panel did not amount to violation of constitutional rights. George v. United States, 196 F.2d 445 (9th Cir. 1952).

Judgment affirmed.