Raymond E. Aldrich, Jr., J.
This 19-year-old defendant moves for an order dismissing a three-count indictment charging him with the crimes of criminally selling, and possession of *322 a dangerous drug upon the ground that the Dutchess County Grand Jury which returned his indictment was unconstitutionally selected and therefore acquired no jurisdiction over him in that it was composed only of individuals over the age of 21 years, and particularly had excluded from its membership youths between 18 and 21 ytiars who constitute a distinct class, all being in violation of his rights of equal protection of the law and due process as guaranteed by the Federal and State Constitutions.
The People have conceded by the phraseology of their opposing affidavit that persons under 21 years have been excluded from the Grand Jury list in Dutchess County in accordance with subdivision 2 of section 662 and section 684 of the Judiciary Law, and accordingly, no hearing is necessary to establish such conceded factual situation upon which this decision is based.
The qualifications for service as a grand juror in Dutchess County is prescribed by statute (Judiciary Law, §§ 662 and 684) to be that such person (aside from having other qualifications not germane to the issue presented on this motion) must be not less than 21, nor more than 72 years of age.
"While the point presented by defendant may not seem novel at first impression, neither counsel, nor the court by independent research, has been able to find a ease where the issue presented here has been passed upon by a New York court, namely, whether the Grand Jury in a county outside of a city having a population of one million or more is constitutionally selected when the group of individuals to be drawn from must be at least 21 years or more.
Our Federal courts have held that a State may confine the selection of jurors to persons within certain ages (Strauder v. West Virginia, 100 U. S. 303; Britton v. Bullen, 275 F. Supp. 756; King v. United States, 346 F. 2d 123) and furthermore may exclude minors from the jury panel without violating constitutional rights (United States v. Tantash, 409 F. 2d 227).
The Federal statute prescribing the qualifications of grand jurors is similar to our New York one in that persons under 21 years of age are disqualified from serving (U. S. Code, tit. 28,11865), and such prohibition has been upheld as not violative of Federal constitutional guarantees (George v. United States, 196 F. 2d 445, cert. den. 344 U. S. 843).
A grand jury is a lawfully constituted body if chosen without regard to race, ethnic background or other discriminatory factors (Patton v. Mississippi, 332 U. S. 463; Hernandez v. Texas, 347 U. S. 475; People v. Agron, 10 N Y 2d 130 (1961); Hoyt v. *323 Florida, 368 U. S. 57), even though persons under the age of 35 are intentionally excluded (People v. Chestnut, 26 N Y 2d 481), and the highest court of our land has recently reaffirmed the postulation that “ The States remain free to confine the selection [of jurors] to citizens, to persons meeting specified qualifications of age and educational attainment, and to those possessing good intelligence, sound judgment, and fair character ” (Carter v. Jury Comm., 396 U. S. 320, 332).
The contention advanced by the defendant that youths between 18 and 21 constitute a distinct attitudinal class may be true in that their attitudes and responses to the questions of desirable mores of our society may differ from someone older than they are, however, such contention is highly speculative as to whether their decisional outlook would be different from persons two or three years older, and is not substantial enough to hold that a grand jury is unconstitutionally composed if it does not have such an 18-to 21-year age group in its membership. (King v. United States, supra; Pope v. United States, 372 F. 2d 710; United States v. Valentine, 288 F. Supp. 957.)
Sections 662 and 684 of the Judiciary Law prohibiting minors from serving on grand juries are not unconstitutional, and a Grand Jury deliberately drawn from a panel consisting of persons not less than 21 years of age is not in violation of a defendant’s constitutional rights guaranteed under the equal protection and due process clauses of our Federal and State Constitutions.
Accordingly, the motion is denied.