**UNITED STATES of America,**
**Plaintiff,**

v.

**Linda L. WADDY, Defendant.**

**No. 71 Cr. 641.**

United States District Court,
S. D. New York.

Nov. 16, 1971.

Defendant's contention is that the "Plan for Random Selection of Grand and Petit Jurors in the United States District Court for the Southern District of New York", pursuant to which the grand jury which indicted defendant was selected, violates the Fifth, Sixth, Fourteenth, and Twenty-Sixth Amendments to the Constitution by excluding from the master jury wheel for grand and petit juries, registered voters under the age of twenty-one.

According to defendant, the master jury wheel from which defendant's petit jury will be drawn is the same constitutionally defective master jury wheel as that from which defendant's grand jury venire was selected earlier. Thus the prospective petit jury venire is challenged at this time as well.[1]

Though defendant need not be a member of the allegedly excluded group to make her claim, Thiel v. Southern Pacific Co., 328 U.S. 217, 223, 66 S.Ct. 984, 90 L.Ed. 1181 (1946), she is, in fact, a representative of that group, being nineteen years old and a registered voter. However, defendant's motion must be denied as to both the grand and petit jury claims.

## I.

Defendant's contention will be brought into clearer focus if we first note what she is not claiming here. Defendant does not argue that the broad class of "young people" is excluded from jury service in the Southern District. Nor does she claim that young people, as a class, are underrepresented on the jury wheel in comparison with their proportion in the population of this District, see United States v. Deardorff, 343 F.Supp. 1033 (S.D.N.Y.1971), p. 13, except insofar as the subgroup of eighteen to twenty-one year old registered voters is entirely excluded. Her conten-

Whitney North Seymour, Jr., U. S. Atty., by George Wilson, New York City, for plaintiff.

Harry C. Batchelder, Jr., by Ralph K. Nicherson and John J. Whitmeyer, III, New York City, for defendant.

MOTLEY, District Judge.

Linda Waddy was indicted in the Southern District of New York on June 17, 1971, on three counts of mail theft under 18 U.S.C. § 1709. She moves to dismiss the indictment and to quash the grand and petit jury arrays.

1. It must be noted at the outset that the Twenty-Sixth Amendment was ratified on June 30, 1971, whereas defendant was indicted on June 17, 1971. Consequently defendant relies more heavily on her challenge to the prospective petit jury than on her challenge to the indictment, which was handed down before the Constitutional granting of the right to vote to eighteen to twenty-one year olds.

tion, slightly rephrased, is rather that the limited class of "registered voters under the age of twenty-one" is a cognizable group, and that this group has been systmatically excluded from jury service under the Southern District Plan without there being any "compelling governmental interest" for doing so. Absent a compelling interest, argues defendant, such an exclusion is unconstitutional as violative of her fundamental right to an impartial jury, a right said to arise under the due process clause of the Fifth Amendment, which includes the equal protection clause concepts of the Fourteenth Amendment, Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), and under the impartial jury clause of the Sixth Amendment.

The right to an impartial jury is characterized by defendant as including the right to have members of the class of eighteen to twenty-one year old registered voters on one's master jury wheel. This definition of the right is said to originate from the Twenty-Sixth Amendment, giving the right to vote to this group, and thereby making it a cognizable class.

The government does not dispute the fact that the Southern District Plan provides that all jurors shall be selected from the voter registration lists of the counties comprising the Southern District, and that twenty-one shall be the minimum age for jury service.[2]

## II.

The first premise of defendant's argument is that there must be a compelling governmental interest to be served before any cognizable group can be excluded from jury service. The line of reasoning leading to this premise is as follows. The due process clause of the Fifth Amendment, including the equal protection clause concepts of the Four-teenth Amendment, together with the Sixth Amendment, guaranteeing an impartial jury, is said to imply a *fundamental* constitutional right to an impartial jury. Because the right is fundamental, exclusion of a cognizable group from jury service can only be permitted where there is a compelling governmental interest, instead of merely a rational reason, for the exclusion.

The second premise is that the class of eighteen to twenty-one year old registered voters is a cognizable group. Defendant derives this premise from the Twenty-Sixth Amendment, ratified June 30, 1971, which lowered the minimum age for voting to eighteen. This Amendment clearly indicated, according to defendant that the group of eighteen to twenty-one year olds is a cognizable class. Furthermore, defendant reads Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970), which upheld the 1970 Voting Rights Act Amendments (giving the right to vote to eighteen to twenty-one year olds), to hold that the granting of the right to vote to eighteen to twenty-one year olds was constitutionally required by the equal protection clause of the Fourteenth Amendment. Defendant infers from this decision that the eighteen to twenty-one year old group had been held by the Supreme Court to be a cognizable class, under the equal protection clause, even before passage of the Twenty-Sixth Amendment made the constitutional definition of the class explicit.[3]

Defendant claims that there is a clear nexus between voting and jury service, indicated by the "intricate relationship between jury service and voting as created and established by the Congress [in the Jury Selection and Service Act]."[4] Defendant argues, based on this relationship, that because Oregon v. Mitchell held that the group of eighteen to twen-

---

2. For a more detailed description of the Southern District Plan see this court's opinion in *Deardorff* at pp. 14–15.

3. In this manner defendant attempts to overcome the infirmity in her challenge to the indictment arising from the fact that her indictment was handed down before the Twenty-Sixth Amendment was ratified.

4. Defendant's Reply Memorandum at p. 11.

ty-one year olds was a cognizable class for purposes of voting rights they must be a cognizable class for purposes of jury service. Thus defendant states that the right to a cross section is now, under Oregon v. Mitchell, the right to a master jury wheel which includes registered voters of the ages of eighteen to twenty-one, in addition to those over the age of twenty-one.

Assembling defendant's premises, her argument runs as follows. Since the jury right is a fundamental one, the exclusion of a particular group cannot be justified merely by the reasonableness of the exclusion. Rather, there must be a compelling governmental interest to support such an exclusion. There can be no compelling governmental interest served by the exclusion of eighteen to twenty-one year old registered voters. Therefore, their exclusion must be unconstitutional.

There are several links in this chain of reasoning that are weak at best.

The analogy between the right to vote and the right to have a particular group represented on one's grand and petit jury, which is the basis of defendant's claim that eighteen to twenty-one year olds are a cognizable group for purposes of jury service, is unpersuasive. The characteristics shared by voting and jury service which lead defendant to draw an analogy between them are the fact that the minimum age for jury duty set in 28 U.S.C. § 1865(b) (1) was the same as that for voting before the 1970 Voting Rights Act Amendments were passed; and the facts that voter registration lists, or lists of actual voters, are prescribed as the main source of jury lists in the Jury Selection and Service Act, 28 U.S.C. § 1863(b) (2). From these two similarities defendant infers an "intricate relationship."

Even if we grant this similarity, there is no logic to the assertion that because the right to vote has been extended to eighteen to twenty-one year olds, the right to have a cross sectional jury must be redefined in terms of that age group as well.

Thus, we need not discuss defendant's premise that the right to an impartial jury is a fundamental right. We merely note that defendant herself concedes at a number of points in her memorandum on her motion that the standard of reasonableness is the correct standard to be applied to the exclusion of groups from jury service.[5]

The constitutional right which a defendant has with regard to the composition of a jury is defined in the Sixth Amendment as the right to an "impartial jury of the State and district wherein the crime shall have been committed." The Jury Selection and Service Act further defines this right as the right to a grand or petit jury representative of "a fair cross section of the community." 28 U.S.C. § 1861. We refer defendant to this court's opinion in *Deardorff, supra*, at p. 18, citing United States v. Di Tommaso, 405 F.2d 385, 389 (4th Cir. 1968), and H.R. #1076, 1968 U.S.Code Cong. and Adm.News, Vol. 2, pp. 1792, 1794. There we stated that the cross section provision does not require that the jury array mirror the community from which it is drawn, with respect to the relative proportions of all discernible racial, economic, age, and other types of groups in the community. In fact 28 U.S.C. § 1862, which specifically sets forth the types of discrimination that are prohibited in jury selection omits mention of age discrimination.

■ As we said in *Deardorff*, only cognizable groups need be represented, and then only in a ratio not grossly disproportionate to the percentage of the population of the community which they represent. *Deardorff* at p. 18.

■ This court has held that the mere fact that some of the attitudes of eighteen to twenty-one year olds might differ from those of other young people does not mean that the group of eighteen to twenty-one year olds is cognizable for

---

5. Defendant's Memorandum at pp. 4, 5, 6, 9.

purposes of the cross section requirement. *Deardorff* at 24. As we said at that time, defendant has failed to show that the views of this group cannot be adequately represented on jury arrays by young persons of the ages of twenty-one and older. *Deardorff* at p. 24. For the same reason the more limited class of eighteen to twenty-one year old *registered voters* cannot be held here to be cognizable in defining a cross section.

Defendant makes a subsidiary claim that if the cognizable group for purposes of a cross section is held to be "young people," in general, the ranks of that group are severely depleted by the exclusion of the eighteen to twenty-one year old registered voter sub-group, with the result that young people are underrepresented on juries. Defendant has produced no statistics, other than a figure showing the percentage of eighteen to twenty-one year olds who had registered to vote in New York City as of September 1, 1971 (that figure being 57.7%), to indicate that this is so. See *Deardorff* at pp. 26–27.

Defendant's motion to dismiss the indictment and to quash the jury array is accordingly denied.