Raymond E. Aldrich, Jr., J.
The defendant Phillip Reilly was indicted in a 10-count, indictment for the commission of 8 crimes of perjury in the first degree, á class D felony, involving testimony he gave before a Dutchess County Grand Jury investigating the theft and disposition of certain types of IBM (International Business Machines Corporation) property and equipment, and one crime of grand larceny in the second degree, and one of criminal possession of stolen property in the first degree, both class D felonies, involving property owned by IBM, and he now moves for an order dismissing the indictment upon the grounds that the Grand Jury which returned his indictment was illegally and improperly constituted since 11 of the 21 grand jurors were employees of the corporate victim IBM and two of them were housewives whose husbands were so employed.
The People oppose the motion alleging the Grand Jury was regularly and legally impanelled according to law, conceding however, that 13 of the members were either employees or married to employees of IBM as claimed in the moving papers. Additionally, the People allege that subsequent to the motion the counts charging grand larceny and posséssion of stolen property were dismissed upon their motion.
The thrust of the motion is to the effect that considering the scope of the investigation and the presence on the Grand Jury of the 13 persons deemed objectionable, this court as a matter qf law should find implied and actual bias which undermined the integrity of the Grand Jury, and therefore should determine that such a constituted body could not have acted impartially, fairly, and without prejudice as a matter of law.
*228 The grounds advanced for dismissal appear novel and of first impression, since neither the parties nor the court has been able to find any case law settling the issue.
The defendant Phillip Reilly appeared and testified before the Grand Jury, and the papers on the motion indicate that he was initially advised before he testified that the proceeding dealt with the theft of and disposal of stolen property from IBM, and he had the opportunity to challenge the individual members for cause to demonstrate actual bias, but he failed to do so, although the employment history of the members of the Grand Jury was a matter of public record at that time. Had the defendant made a challenge demonstrating bias, the court would have excused that juror. (People v. Prior, 294 N. Y. 405.)
This case is not one involving a deliberate, intentional or systematic arbitrary and discriminatory exclusion from a Grand jury panel or array of people because of race, ethnic background, class status, or other discriminatory factor, so that the fact of exclusion itself is implied to be illegal and unconstitutional. (Norris v. Alabama, 294 U. S. 587; Fay v. New York, 332 U. S. 261; Hernandez v. Texas, 347 U. S. 475; Reece v. Georgia, 350 U. S. 85; People v. Chestnut, 26 N Y 2d 481; People v. Veralli, 64 Misc 2d 321.)
This court cannot assume that the Grand Jury in this case was otherwise than impartial, nor will the court assume that the Grand Jury was prejudiced against the defendant because of its make-up. The fact that IBM is admittedly a large industrial corporation actively engaged in Dutchess County in substantial business activities employing several thousands of employees has been conceded by the People. This fact alone, however, does not suggest any bias on the part of those 11 jurors who are IBM employees or the 2 women jurors whose spouses aré also so employed. Imputation of bias on the part of the 11 IBM employees and the 2 women simply by virtue of such employment without regard to any established actual partiality growing out of the nature aitd circumstances of this particular case should not be indulgedin by this court.
The defendant’s contentions are similar to those made by defendants indicted for Federal offenses by grand juries composed of a numerical superior number of Federal Government employees, and such indictments have been held not invalid for improper composition of membership, and such claims have been rejected by the courts. (Dennis v. United States, 339 U. S. 162; Emspak v. United States, 203 F. 2d 54, revd. on other grounds 349 U. S. 190; United States v. Peck, 149 F. Supp. 238.)
*229 Accordingly no bias or lack of impartiality of fairness will be inferred as a matter of law from the inclusion of the 13 allegedly objectionable Grand Jurors as members of the body which found the indictment, since this court does not believe that the mere fact of employment with IBM under the circumstances indicated to the court in .the motion papers results in an implication of bias on the part of any juror so as to disqualify such an individual from jury service upon the premise that he was incapable of reaching an unbiased decision.
While the mere presence of these 13 allegedly objectionable grand jurors does not per se constitute implied bias, neither from the papers does .their participation demonstrate any actual bias whatsoever which would necessarily eliminate them from service. On the contrary, the defendant makes no factual showing of prejudice or bias against him on the part of any grand juror, nor does he even attempt to do so as he relies solely upon the objection of numerical predominance of IBM people.
There is no disclosure in the record that the jurors alleged to be biased did not bring to bear the sense of responsibility and individual integrity under which they were required to judge the evidence presented to them, and vague conjecture, surmise and suspicion .to the contrary should not be accepted as a substitute. (Dennis v. United States, 339 U. S. 162, supra.)
As has been indicated heretofore, the defendant makes no objection to .the panel or to the array of the Grand Jury, or that his particular Grand Jury was selected in a procedural manner repugnant to statutory mandate declared by the Legislature to assure the selection of an impartial body representing a cross section of the citizens of Dutchess County.
For the foregoing reasons, the motion to dismiss is denied.