351 F.Supp. 965 (1972)
Maria DEPPE and George Zimny, Plaintiffs, for themselves and for all others similarly situated,
v.
BOARD OF JURY SUPERVISORS OF ST. LOUIS COUNTY, MISSOURI, et al., Defendants.
No. 72 C 307(A).
United States District Court, E. D. Missouri, E. D.
November 29, 1972.
*966 Richard D. Baron, Liberman, Baron, Goldstein & Freund, St. Louis, Mo., for plaintiffs.
George F. Gunn, Jr., County Counselor, Andrew J. Minardi, Associate County Counselor, Clayton, Mo., Robert C. McNicholas, City Counselor, James J. Gallagher, Associate City Counselor, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
HARPER, District Judge.
Plaintiffs in this action are eighteen and nineteen years of age and purport to represent a class of citizens of the United States and of the State of Missouri who are between the ages of 18 and 21 years. Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment of the Constitution for a declaratory judgment and a preliminary and permanent injunction to determine whether Section 494.010 of the Revised Statutes of Missouri (1969), V.A.M.S. is unconstitutional upon its face or as applied by defendants to deprive plaintiffs and the members of the class they purport to represent of the right to serve on juries within the City and County of St. Louis, Missouri. Jurisdiction is alleged to rest on 28 U.S.C. §§ 1343(3), 1343(4), 2201, 2202 and 2281.
Based on the allegations in the petition a three-judge court was constituted. The defendants subsequently filed motions to dismiss and a motion denying the jurisdiction of this Court to convene a three-judge court, which are the matters before this Court at this time. After the filing of the defendants' motion attacking the jurisdiction of this Court to convene a three-judge court, plaintiffs filed an amended complaint adding additional parties and deleting from the allegation of jurisdiction reference to 28 U. S.C. § 2281 with respect to a three-judge court, and on the amended petition the matter is before this Court and not the three-judge court.
Defendants named in the amended complaint are the Board of Jury Supervisors of the City of St. Louis, Missouri, the Board of Jury Supervisors of St. Louis County, Missouri, the presiding judges of these Boards, the jury commissioner of St. Louis, Missouri, and the Director of Judicial Administration, St. Louis County, Missouri.
Section 494.010 of the Revised Statutes of Missouri (1969) provides:
"Qualifications of Jurors:
"Every juror, grand or petit, shall be a citizen of the state, a resident of the county or of a city not within a county for which the jury may be impaneled; sober and intelligent, of good reputation, over twenty-one years of age and otherwise qualified." 28 U.S.C. § 2281 provides:
"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute *967 * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."
A three-judge court must be commenced when: the complaint challenges a state statute or regulation; the statute is of general application throughout the state; injunctive relief is sought and a Federal court issue is raised. 28 U.S.C. § 2281; Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794.
A request for a three-judge court need not be contained in the complaint, however. The Eighth Circuit in Aaron v. Cooper, 261 F.2d 97, 105 (1958), stated:
"Where an application for an injunction is made, which, under 28 USCA § 2281, can only be granted by a three-judge court, it is the duty of the district judge to whom it is presented, under § 2284(1), to `notify the chief judge of the circuit, who shall designate two other judges * * *'. There is no requirement in § 2284 that the applicant for the injunction must determine the need for a three-judge court and make request therefor, and no provision that, if this is not done, there is a lack of judicial jurisdiction."
The petition challenges a state statute which is of general application throughout the state and seeks injunctive relief so the only question before the Court is whether or not the constitutional question raised is substantial. Idlewild, supra.
In Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933), the court states that a constitutional question "may be plainly unsubstantial either because it is `obviously without merit' or because `its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' (Citations omitted.)"
The case of Britton v. Bullen, 275 F.Supp. 756 (D.Md.1967) has made the determination that the contention that a Maryland statute, which excluded persons under 25 years of age from jury service, was unconstitutional, was plainly unsubstantial. The court did not state whether this conclusion was based on a determination that the complaint was obviously without merit or on a determination that decisions of the Supreme Court had foreclosed the subject from consideration. A determination that the complaint was obviously without merit would seem to be more likely. The authority cited in support of the court's conclusion included only one reference to an opinion of the Supreme Court. This reference was a statement in Brown v. Allen, 344 U.S. 443, 471, 73 S.Ct. 397, 414, 97 L.Ed. 469 (1954), where the court stated:
"* * * It was explained in 1880 by this Court, when composed of justices familiar with the evils the Amendment sought to remedy, as permitting a state to `confine the selection [of jurors] to males, to freeholders, to citizens, to persons within certain ages or to persons having educational qualifications.' Strauder v. West Virginia, 100 U.S. 303, 310 [, 25 L.Ed. 664]."
This quotation from Brown v. Allen, supra, was dictum in that case and the quotation contained therein was dictum in the case of Strauder v. West Virginia. This Court does not consider this dictum by itself to be a substantial basis for concluding that the question of whether the exclusion of 18 to 21 year olds from jury service is unconstitutional is foreclosed from consideration. In the recent case of Alexander v. Louisiana, 405 U.S. 625, 635, 92 S.Ct. 1221, 1227, 31 L.Ed.2d 536 (1972), Mr. Justice Douglas stated in his concurring opinion that "the time has come to reject the *968 dictum in Strauder v. West Virginia, 100 U.S. 303, [310, 25 L.Ed. 664], that a State `may confine' jury service `to males'." This statement, though not giving any indication as to the correctness of the dictum in Strauder v. West Virginia with regard to the power of states to confine persons on state juries to persons 21 years of age and above, indicates that decisions of the Supreme Court have not insulated the dictum in Strauder v. West Virginia from attack. No Supreme Court case that would indicate otherwise has been cited by defendants and this Court has found none.
The more substantial basis for the decision in Britton v. Bullen, supra, is that the question presented in the complaint was obviously without merit. The court in Britton v. Bullen cited decisions by the Supreme Court of Massachusetts, the District Court, and the First Circuit holding that a Massachusetts statute similar to the Maryland statute did not violate the Federal Constitution. In addition to these cases, United States v. Gusman, 337 F.Supp. 140, 144 (S.D.N. Y.1972) listed many cases in support of its statement that "every case which has dealt with the problem has concluded that 18-to-21-year-olds do not have a constitutional right to serve on juries." The cases were United States v. McVean, 436 F.2d 1120 (5th Cir.), cert. denied 404 U.S. 822, 92 S.Ct. 45, 30 L.Ed. 2d 50 (1971); United States v. Tantash, 409 F.2d 227 (9th Cir.), cert. denied, 395 U.S. 968, 89 S.Ct. 211, 23 L.Ed.2d 754 (1969); George v. United States, 196 F.2d 445 (9th Cir.), cert. denied, 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656 (1952); United States v. Waddy, 340 F.Supp. 509 (S.D.N.Y.1971); United States v. Deardorff, 343 F.Supp. 1033 (S.D.N.Y.1971); United States v. Gargan, 314 F.Supp. 414 (W.D.Wis.1970), aff'd 457 F.2d 141 (7th Cir.), cert. denied Gast v. United States, 406 U.S. 969, 92 S.Ct. 2426, 32 L.Ed.2d 668 (1972). Because of these many cases it is concluded that plaintiffs' complaint is obviously without merit and, therefore, plainly unsubstantial under the test prescribed in Ex Parte Poresky, supra.
Plaintiffs' complaint will be dismissed for lack of jurisdiction, as there is no diversity of citizenship and no substantial Federal question.