UNITED STATES of America,
Appellee,

v.

Gerard Allyn OLSON, Appellant.

No. 72–1487.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1973.

Decided Feb. 9. 1973.

Certiorari Denied May 21, 1973.
See 93 S.Ct. 2291.

John Remington Graham, Minneapolis, Minn., for appellant.

Neal J. Shapiro, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

MATTHES, Chief Judge.

Appellant Olson appeals from a judgment, entered upon a jury verdict, finding him guilty of refusing to report for and submit to induction, a violation of 50 App.U.S.C. § 462. Appellant's trial date, March of 1972, was after the ratification of the Twenty-Sixth Amendment to the Constitution, which lowered the voting age to eighteen but before the effective date of Pub.Law 92–269, § 1; 86 Stat. 117, which, *inter alia*, amends 28 U.S.C. § 1865(b)(1) by lowering the age for service on federal juries to eighteen.[1] Thus, appellant's jury was

* Eastern District of Michigan, sitting by designation.

1. The new plan for jury selection in the District of Minnesota, with the minimum age of eighteen, has been approved by the Judicial Council of the Eighth Circuit pursuant to the provisions of 28 U.S.C. § 1863, and will become operative with the revision of the master list of September, 1973.

convened under the prior provisions of § 1865(b)(1), which set the minimum age of twenty-one. It is this circumstance which gives rise to appellant's sole contention on appeal.

By a pre-trial motion appellant sought to cure what he saw as a nonrepresentative master jury list resulting from the statutory exclusion of persons aged eighteen to twenty. Appellant's motion did not seek the customary relief of quashing the indictment or setting aside the jury list. Instead, he proposed supplementing the master jury list in any one of the four divisions of the District of Minnesota by adding an algebraically determined number of voters of all ages who had registered to vote after the ratification of the Twenty-Sixth Amendment. Appellant said this number (n) should bear the same ratio to the number of persons already on the list (p) as the number of persons registered after ratification of the Amendment (N) bears to the number registered at the time the master list was compiled (P). Stated algebraically, $n/p = N/P$. Thus, to determine the number to be added (n), the formula would be $n = pN/P$. The denial of this motion is the sole assignment of error on appeal.

■ Appellant's entire contention is that the ratification of the Twenty-Sixth Amendment *ipso facto* rendered unconstitutional the requirement of § 1865 (b)(1) that jurors be twenty-one years of age. He asserts that, by virtue of the equal protection of the laws command of Amendments Five and Fourteen, "[i]f a man cannot be denied the greater right to vote, then he cannot be denied the lesser right to be a juror," Appellant's brief at 7; and claims it was this quoted principle which conferred the right of jury service upon Negroes and women via the extension of suffrage to them by

the Fifteenth and Nineteenth Amendments respectively. For this proposition he cites several cases prohibiting intentional and systematic racial classifications in jury selection[2] and Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181 (1946), which prohibited the systematic exclusion of women from federal juries. We think appellant misreads these cases.

*Ballard* did not hold that the extension of the franchise to women precluded barring them from juries. Rather, the court held that women are an identifiable community group the exclusion of which violates the *statutory* command that federal juries be a cross-section of the community, and therefore exercised its supervisory powers over federal courts to terminate their exclusion. *See* 329 U.S. at 193, 67 S.Ct. 261. No constitutional issue was reached. Indeed, the question whether the exclusion of women from juries is prohibited by the Constitution has yet to be squarely decided by the Supreme Court. *See* Alexander v. Louisiana, 405 U.S. 625, 634, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972) (Douglas concurring); Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961).

Similarly, the four cases which appellant cites do not hold that the act of enfranchising Negroes is the source of the prohibition of excluding them from juries. All four cited cases[3] involve challenges to state rather than federal juries and, like Strauder v. West Va., 100 U.S. 303, 25 L.Ed. 664 (1879), turn squarely upon the Fourteenth Amendment's prohibition, via the Equal Protection Clause, of racial classifications. *See especially* 100 U.S. at 307–309. No mention is made at all in any of the four cases of the Fifteenth Amendment.

In sum, there is no support in law or logic for the proposition that the right

---

2. Pierre v. Louisiana, 306 U.S. 354, 59 S. Ct. 536, 83 L.Ed. 757 (1939); Hale v. Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050 (1938); Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935); Carter v. Texas, 177 U.S. 442, 20 S.Ct. 687, 44 L.Ed. 839 (1900).

3. See note 2 *supra*.

of jury service is a concomitant subsidiary of the franchise. Accordingly, we reject appellant's contention that the Twenty-Sixth Amendment *ipso facto* rendered unconstitutional the twenty-one year minimum of 28 U.S.C. § 1865(b)(1). *Accord,* United States v. Duncan, 456 F.2d 1401, 1404–1405 (9th Cir. 1972); United States v. Waddy, 340 F. Supp. 509 (S.D.N.Y.1971); United States v. Guzman, 337 F.Supp. 140, 144–145 (S.D.N.Y.1972).

 The true basis of a challenge to the master list in this case must rest on the allegation that the compilation of the list excluded an identifiable community group, to wit: persons aged eighteen to twenty. Of course, "[n]either the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group." Swain v. Alabama, 380 U.S. 202, 208, 85 S.Ct. 824, 829, 13 L.Ed.2d 759 (1965). However, since a jury is designed to "express the conscience of the community," Witherspoon v. Illinois, 391 U.S. 510, 519, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), "[t]he American tradition of trial by jury . . . necessarily contemplates an impartial jury drawn from a cross-section of the community." Thiel v. Southern Pacific Co., 328 U.S. 217, 220, 66 S.Ct. 984, 985, 90 L.Ed. 1181 (1946). Thus, juries must be indiscriminately selected "without systematic and intentional exclusion of any . . . substantial portion of the community . . . that cannot be . . . excluded in whole or in part without doing violence to the democratic nature of the jury system." *Id.,* at 220, 223, 66 S.Ct., at 985. This command flows from the requisites of both Due Process, Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972) (plurality opinion of Mr. Justice Marshall), and the Sixth Amendment, Williams v. Florida, 399 U.S. 78, 100, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

 Accordingly, the dispositive question is whether persons aged eighteen to twenty compose an "identifiable group" which cannot be systematically excluded from jury service without rendering juries nonrepresentative of community attitudes. But appellant has "failed to show that the attitudes of this group [18–20] are inadequately represented by those several years older than they, that is, that eighteen to twenty-one year olds are a distinct, cognizable group." United States v. Deardorff, 343 F.Supp. 1033, 1043 (S.D.N.Y.1971). "The difference in viewpoint between ages [eighteen to twenty and twenty-one to twenty-five, for example,] . . . would not seem to us of any great significance. . . . We regard it as highly speculative whether the decisional outlook of such excluded persons would be different than that of persons a mere few years older. . . ." King v. United States, 346 F.2d 123, 124 (1st Cir. 1965). Accordingly, we hold that persons aged eighteen to twenty are not an identifiable group the exclusion of which renders a jury list nonrepresentative of the community and violative of the Fifth and Sixth Amendments. *Accord,* United States v. Ross, 468 F.2d 1213 (9th Cir. 1972); United States v. Deardorff, *supra,* 343 F.Supp. at 1039–1044; United States v. Waddy, *supra;* United States v. Guzman, *supra. Cf.* Chase v. United States, 468 F.2d 141, 144 (7th Cir. 1972) (21–24); United States v. Gast, 457 F.2d 141, 142 (7th Cir.), cert. denied, 406 U.S. 969, 92 S.Ct. 2426, 32 L.Ed.2d 688 (1972) (21–26); United States v. Kuhn, 441 F.2d 179, 181 (5th Cir. 1971) (21–23); United States v. DiTommaso, 405 F.2d 385, 387–392 (4th Cir. 1968), cert. denied, 394 U.S. 934, 89 S.Ct. 1209, 22 L.Ed.2d 465 (1969) (21–29); King v. United States, *supra.* For additional cases agreeing with the result that exclusion from federal juries of persons aged eighteen to twenty does not violate the Constitution, *see* United States v. Gast, *supra,* 457 F.2d at 142–143; United States v. Duncan, *supra;* United States v. McVean, 436 F.2d 1120, 1122 (5th

Cir.), cert. denied, 404 U.S. 822, 92 S.Ct. 45, 30 L.Ed.2d 50 (1971); United States v. Tantash, 409 F.2d 227 (9th Cir.), cert. denied, 395 U.S. 968, 89 S.Ct. 211, 23 L.Ed.2d 754 (1969); George v. United States, 196 F.2d 445, 452–455 (9th Cir.), cert. denied, 344 U.S. 843 73 S.Ct. 58, 97 L.Ed. 656 (1952).

In closing, we emphasize that we deal here only with two questions: (1) the effect of the Twenty-Sixth Amendment *per se* on statutes erecting the minimum age for jurors; and (2) the constitutionality under the Sixth Amendment, and the Due Process Clause of the Fifth Amendment, of excluding from federal juries persons aged eighteen to twenty.

Finding no merit in appellant's claim of error we affirm.