296 So.2d 241

Robert WILLIAMSON, alias

v.

STATE.

7 Div. 267.

Court of Criminal Appeals of Alabama.

May 21, 1974.

Jack G. Heffington, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Sp. Asst. Atty. Gen., for the State.

but see Howard v. State, 278 Ala. 361, 178 So.2d 520.

CATES, Presiding Judge.

Robbery: sentence, ten years imprisonment.

## I

As we understand the appellant's arguments, he complains that the Etowah County Jury Commission practised an invidious discrimination by systematically excluding potential jurors under the age of thirty five. He says only 2.4% of the jury roll was embraced in the thirty five and under bracket.

However, such statistical claim bears further scrutiny in that not all of the nearly seven thousand jurors had their birth dates shown on the roll.

We postulate two obstacles which keep us from accepting either the right of the appellant to advance this claim or according it merit.

## II

■ We consider that the appellant did not plead in abatement or move to quash in the lower court as required by law. Our statutes and decisions require that all pleas, except those of guilty, not guilty and not guilty by reason of insanity, be in writing and filed with the clerk. Motions to become part of the record on appeal must have been made in writing in the trial court. Code 1940, Tit. 7, § 214. This latter section has been applied to criminal cases. Aaron v. State, 271 Ala. 70, 122 So.2d 360;

■ The record proper here shows no written plea in abatement or written motion to quash.[1] See Wimbush v. State, 237 Ala. 153, 186 So. 145. However, Thomas v. State, 277 Ala. 570, 173 So.2d 111, expressly held that a motion to quash was the proper procedural vehicle to raise the question of systematic exclusion of Negroes from grand and petty juries. Gibbs v. State, 44 Ala.App. 15, 200 So.2d 518.

Nonetheless, no dispensation of the requirement for such a motion to be written has been called to our attention. We recognize that it is often customary to ask leave to subsequently reduce to writing oral motions. Such request does not appear here. No ruling by the trial court appears from the clerk's minute entry.

Hence, the question has not been properly reserved for our review.

## III

■ By way of gratuitous dictum, we should have said, had the question been properly raised, that we see no merit in any notion that age is a valid criterion. Certainly we do not recognize that the appendix to this record would have established any invidious attempt to squelch a cross section. At best the testimony and argument on the rambling ten page oral motion were mostly rhetorical. See Junior v. State, 47 Ala.App. 518, 257 So.2d 844; Thigpen v. State, 49 Ala.App. 233, 270 So. 666.

"Contrary to defendants' assertion, the majority of courts which have consid-

1. The only motion in the record as having been filed in clerk's office sets out the following grounds for dismissal:

"1. That the defendant has been denied a right to a speedy trial.

"2. That the defendant has been incarcerated in the Etowah County Jail for a period of approximately seven (7) months without communication with legal counsel and neither has legal counsel been appointed for the defendant or has defendant had funds to obtain counsel during this period.

"3. That the defendant is being brought to trial without proper time for any legal counsel to properly prepare a defense.

"4. That the defendant is being brought to trial without the aid of witnesses in defense of the charge against him, due to the fact that no counsel or assistance was ever given the defendant in obtaining such witnesses."

ered the question have held young people not to constitute a cognizable class. United States v. Guzman, 337 F.Supp. 140 (S.D.N.Y.1972) affirmed 468 F.2d 1245 (2nd Cir. 1972) and cases cited therein. United States v. Butera, 420 F.2d 564 (1st Cir. 1970) seems to stand alone in reaching a contrary conclusion. Defendants contend the fact that the group which they assert to be cognizable, persons between 21 and 29 years of age, covers a broader age range than that asserted in most cases distinguishes this situation from other cases. However, other courts have held that persons in age ranges as broad or even broader do not constitute a cognizable class. United States v. Guzman, supra, 337 F.Supp. at 146 and cases cited therein." United States v. Briggs, D.C., 366 F.Supp. 1356

See also United States v. Gooding, 5 Cir., 473 F.2d 425; United States v. Kuhn, 5 Cir., 441 F.2d 179; United States v. Nakaladski, 5 Cir., 481 F.2d 289; United States v. Olson, 8 Cir., 473 F.2d 686; United States v. Osborne, 8 Cir., 482 F.2d 1354. Concededly these cases arose out of persons, eighteen to twenty one, becoming eligible to vote and concomitantly Federal jury prone. However, *Olson,* supra, does not rest on any narrow ground of expediency, but rather on the principle of this not being an identifiable group for purposes of a jury system reflecting a cross section as required by Thiel v. Sou. Pac. Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181.

No attempt was made to ascertain the birth dates of jurors whose ages did not appear. The result is 355 pages that could have been put in a five page agreed statement of undisputed facts. The appendix is a travesty on the law allowing free transcripts.

Accordingly, the judgment below is

Affirmed.

All the Judges concur.