The indictment charged the appellant with the felonious assault upon an officer while in the performance of his duties, contrary to law.[1] The jury found the appellant "guilty as charged" and the trial court set sentence at twenty years imprisonment in the penitentiary.
The tendency of the State's evidence was that appellant and several other men were observed stealing bricks from a construction site in Auburn during the late afternoon and early evening hours of July 21, 1975, that an argument broke out and that appellant chased the others off with a gun and continued loading the car with bricks. The owner of the bricks, Bozie Work, observed all of this from a nearby yard and called the police. Sergeant Jack Walton, of the Auburn Police Department, answered the call, drove to the construction site and parked. As Walton was getting out of the patrol car, a charging appellant screamed, "What do you want over here, mother-fucker?" and fired four or five shots at the Sergeant with a Marlin 30-30 lever action rifle. Walton subsequently wounded and subdued the appellant.
In support of his plea of not guilty and not guilty by reason of insanity, appellant called several witnesses, each of whom testified that appellant had suffered various mental problems as a result of his tour of duty in Viet Nam, said problems causing him to act "strangely" on occasion. In particular, Marie Porter, a Psychiatrist from the V.A. Hospital in Tuskegee, testified that in her opinion appellant was "suffering from acute schizophrenic episode" on the day in question.
At the conclusion of the trial court's oral charge, which covered in some detail the defense of insanity, defense counsel announced, "Satisfied, Your Honor."
 I
Appellant contends that his motion to quash the venire should have been granted in view of the State's admission that the jury lists did not include 19 and 20 year olds.
We note that at the time of appellant's trial in October of 1975, Act No. 77, Regular Session 1975, had been in effect less than three months. Furthermore, the Attorney General's opinion which was introduced by appellant at the hearing on his motion to quash and which construed Act No. 77 as in fact lowering the minimum age for jury service in this state to 19 was dated August 28, 1975. Moreover, while there is testimony in the record which might indicate otherwise, Charles Edward Lawler, a member of the Lee County Jury Commission, testified that the Commission had begun compiling a list of 19 and 20 *Page 617 
year olds but that it would "take 6 months, probably" to complete the job.
Viewed in this light, we do not feel error was here shown. Many courts have of necessity recognized an allowable administrative lag time between the effective dates of laws lowering the minimum age for jury service and the additions of the newly eligible jurors to the jury lists. United States v.Osborne, 8 Cir., 482 F.2d 1354; United States v. Olson, 8 Cir.,473 F.2d 686; United States v. Nakaladski, 5 Cir.,481 F.2d 289; United States v. Kuhn, 5 Cir., 441 F.2d 179. See alsoUnited States v. Gooding, 5 Cir., 473 F.2d 425 where the lag time was three years, four months.
Though not necessary to a resolution of this appeal, we would only point out a majority of those courts confronted with the issue, have held that "young persons" per se do not constitute an identifiable group for purposes of determining whether or no a particular jury system reflects the requisite cross-section of the community. United States v. Briggs, D.C., 366 F. Supp. 1356. (21-29 years of age); Connell v. State, 56 Ala. App. 43,318 So.2d 782 (18-25 years of age); Williamson v. State,52 Ala. App. 617, 296 So.2d 241 (under the age of 35). See alsoHurley v. State, Court of Criminal Appeals, 57 Ala. App. ___,335 So.2d 183, and cases cited therein. See also Hamling v.United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590.
 II
Alternatively, appellant asserts that his motion to quash was due to have been granted inasmuch as he alleged that blacks were systematically excluded from the venire for trial. The only evidence submitted by appellant in support of this was to the effect that while Beat 6 of Lee County (Auburn) was 27.76% black, the jury roll for that beat was only 8.69% black. Significantly, there was no evidence offered that this discrepancy resulted from any purposeful discrimination, as is required. Nor is there any evidence that different standards of qualification were applied by the Commissioners to the black community. Further, there was no attempt to demonstrate that the same proportion of blacks qualified under the standards being administered by the Commissioners. In short, the appellants have offered no evidence to indicate that prospective jurors to fill the jury roll were selected on the basis of anything other than their individual qualifications. See Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824,13 L.Ed.2d 759.
In White v. State, 48 Ala. App. 111, 262 So.2d 313, we stated:
 "The law is clear that a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his own race on the jury which tries him, nor on the jury roll from which grand and petit jurors are selected. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839."
Moreover, in Butler v. State, 285 Ala. 387, 232 So.2d 631, our Supreme Court pointed out:
 "The burden of proof is on the person attacking selection procedure to show `the existence of purposeful discrimination' by the exclusion of Negroes on account of race from jury participation . . . Purposeful discrimination may not be assumed or merely asserted. It must be proved." (Citations omitted)
Both this Court and the Supreme Court of this State have on several occasions affirmed trial courts' rulings on this identical issue, often in situations where the defendant had travelled much farther towards meeting his burden of proving purposeful discrimination than has appellant in this cause. Error is not here shown. Butler, supra; White, supra; Acoff v.State, 50 Ala. App. 206, 278 So.2d 210; Bryant v. State,49 Ala. App. 359, 272 So.2d 286; Thigpen v. State, 49 Ala. App. 233, *Page 618 270 So.2d 666; Johnson v. State, 57 Ala. App. ___,335 So.2d 663; Johnny Harris v. State, 1 Div. 623, January 20, 1976.
 III
Prior to trial, appellant filed with the trial court a "motion for discovery and to compel disclosure," said motion reading in part as follows:
 "Now comes the defendant in the above-named and stated case and moves the Court for an Order compelling the State to disclose and, in the case of a tangible item, to produce for inspection and copying by the defendant, all evidence in the possession and control of the State, or others, when the evidence may be favorable to defendant and material to the issue of guilt or punishment, or could reasonably weaken or affect any evidence proposed to be introduced against defendant, or is relevant to the subject matter of the indictment, or in any manner may aid defendant in the ascertainment of the truth."
As authority for this motion appellant cites us to Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Suffice it to say that Brady, supra, in our opinion did not envision the type "fishing expedition" requested by appellant. Hurst v.State, 54 Ala. App. 254, 307 So.2d 62; Thigpen v. State,49 Ala. App. 233, 270 So.2d 666; Sanders v. State, 278 Ala. 453,179 So.2d 35.
Here, at the time of appellant's motion, the prosecution had already furnished him with a copy of his own statement made to investigating officers.
Furthermore, in reviewing the record, we found no testimony whatsoever describing or detailing any evidence withheld by the State "favorable to the defendant." As observed by Judge Cates in Strange v. State, 43 Ala. App. 599. 197 So.2d 437:
 "When the defendant, in effect, asks for the State District Attorney to produce a document, he should at least establish that this State official has such document or a copy thereof in his possession before the trial court will be put in error."
We have carefully reviewed this record as required by law and find no error therein. This cause is therefore due to be and the same is hereby
AFFIRMED.
All the Judges concur.
[1] Title 14, Section 374 (20) Code of Alabama 1940, as amended 1967.