**Maurice JOHNSON–BEY, Petitioner,**

v.

**Bill ARMONTROUT, Respondent.**

**No. 88–0485–CV–W–6–P–JWO.**

United States District Court,
W.D. Missouri, W.D.

Feb. 6, 1989.

Maurice Johnson–Bey, Jeff City, Mo., pro se.

Steve Hawke, Mo. Atty. Gen., Jeff City, Mo., for respondent.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR HABEAS CORPUS WITH PREJUDICE

JOHN W. OLIVER, Senior District Judge.

### I

This State prisoner habeas corpus case pends in this division of this Court pursuant to an order of transfer entered by the Honorable Howard F. Sachs. The order to show cause accurately stated petitioner challenges his 1986 and 1987 convictions and sentences for second degree assault and possession of a weapon in the Circuit Court of Cole County, Missouri. That order also accurately stated that petitioner's sole ground for relief is that his indictment and his convictions were unconstitutional because the statute pursuant to which the petit jurors were impaneled, Mo.Rev.Stat. § 494.010 (1978), excludes qualified registered voters from the ages of eighteen (18) to twenty-one (21) years of age from serving on grand or petit juries in the State of Missouri. Order to Show Cause at 2.

Although we reject the reasons stated by the petitioner as to why he need not further exhaust any available State postconviction remedy, we agree that we should consider this case without requiring further exhaustion. For it is clear that this

case must be dismissed with prejudice for the reason that the allegations of petitioner's petition failed to allege a substantial federal constitutional question.

## II

Petitioner alleges that his grand jury indictment and his conviction by a petit jury is constitutionally void for the reason that "Missouri RSMo, 1978, 1986, Sec: 494.010, discriminate [sic] against a group of qualified registered voters from the age of 18 to 21, from serving as Grand and Petit Jurors in the State of Missouri." [1]

Petitioner filed a petition for State habeas corpus relief in the Circuit Court of Cole County, Missouri. *See* Resp's Exh. G. That petition alleged "the indictments in both cause numbers CR 185–215F, 186–95F, was [sic] returned by a grand jury which were impaneled under a statute that denied petitioner to be indicted and tried by a grand and petit jury drawn from a fair cross-section of the community and thereby deprived petitioner of his constitutional rights under the Sixth and Fourteenth amendments to equal protection and due process of the law. Because Missouri RSMo, 1978, section 494.010, discriminated against a group of qualified registared [sic] voters from the age of 18 to 21, from serving as grand and petit jurors in the State of Missouri." Resp's Exh. G at 2. Petitioner further alleged that "said statute 494.010, RSMo, 1978, 1986, Without doubt violate[s] the *Sixth and Fourteenth amendments* to *a fair cross-section* requirement which is well settled law, see: *Duren v. Missouri,* [439 U.S. 357] 99 S.Ct. 664 at 668 [58 L.Ed.2d 579 (1979)], *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975)." *Id.*

The Circuit Court of Cole County, Missouri denied that petition with an order which stated: "Petitioner permitted to proceed in forma pauperis; petition for Writ of Habeas Corpus is denied, however, for the reason that the Petition filed states no set of facts which, if true, would entitle the petitioner to the relief prayed for." Resp's Exh. G at 1.

The respondent's response presented various claims that petitioner has failed to exhaust, that petitioner is procedurally barred, and that he has waived any right to proceed in federal court. The response does not, however, focus on petitioner's allegation in his petition that it is not necessary for him to pursue further any postconviction remedies that may be available to him for the reason that "the highest state court has already denied this argument once before in *State ex rel. McNary v. Stussie,* 518 S.W.2d 630 [Mo.1974], and I were [sic] told by an inmate law clerk it would only repetition." [2] Petition at 4.

Under ordinary circumstances, the filing of a petition for State habeas corpus relief may not properly be said to constitute an exhaustion of a State prisoner's available State court postconviction remedies. Although we reject petitioner's arguments in regard to why exhaustion should not be required in this exceptional case, we are satisfied that the principles of comity codified in the jurisprudence relating to exhaustion do not require that the petitioner in this case be sent back to the State court for further litigation. Indeed, we are convinced that those principles of comity require that this Court consider the merits of petitioner's petition in order to conserve the judicial time and resources of the State court system.

Section 2241 of Title 28, United States Code, grants power to justices and judges in the federal system to grant writs of habeas corpus. That section, however, provides that a "writ of habeas corpus shall

---

1. Petitioner quoted Section 494.010 which provides: "Every juror, grand or petit, shall be a citizen of the state, a resident of the county or of a city not within a county for which the jury may be impaneled; sober and intelligent, of good reputation, over twenty-one years of age and otherwise qualified."

2. In his traverse to the respondent's response, petitioner attempts to support his untenable exhaustion argument by citing and quoting out of context language from *Tippett v. Roberts,* 587 F.2d 373 (8th Cir.1978), and *Mucie v. Missouri State Department of Correction,* 543 F.2d 633 (8th Cir.1976). Neither of those cases nor any other Eighth Circuit case supports petitioner's untenable exhaustion argument.

not extend to a prisoner unless— . . . (3) he is in custody in violation of the Constitution or laws or treaties of the United States. . . ." Section 2254(a) reiterates that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" (Emphasis added).

*Collins v. Housewright,* 664 F.2d 181, 183 (8th Cir.1981), *cert. denied,* 455 U.S. 1004, 102 S.Ct. 1639, 71 L.Ed.2d 872 (1982), appropriately concluded that "it would be useless to require exhaustion of state remedies with respect to a meritless federal constitutional claim." *Russell v. State of Missouri,* 511 F.2d 861, 863 (8th Cir.1975), presented a case like this case in which the petitioner failed to allege a substantial federal constitutional question. The *Russell* court concluded that it is "useless to require petitioner to exhaust his state remedy on a claim that even if true fails to allege grounds upon which any post-conviction relief might be granted." That case added that "[s]urely, the state courts are not interested, solely for the sake of comity, in processing a meritless claim."

We therefore conclude that the petitioner should not be required to exhaust whatever State court postconviction remedies that may be available to him.

### III

The cases cited in petitioner's traverse establish that petitioner has failed to allege a substantial federal constitutional claim. For reasons that are indeed difficult to understand, petitioner attempts to rely on *United States v. Olson,* 473 F.2d 686 (8th Cir.), *cert. denied,* 412 U.S. 905, 93 S.Ct. 2291, 36 L.Ed.2d 970 (1973); *State ex rel.*

*McNary v. Stussie,* 518 S.W.2d 630 (Mo. banc 1974); and *Deppe v. Board of Jury Supervisors of St. Louis County, Missouri,* 351 F.Supp. 965 (E.D.Mo.1972).

*Olson* expressly rejected the contention that "the Twenty–Sixth Amendment *ipso facto* rendered unconstitutional the twenty-one year minimum of 28 U.S.C. § 1865(b)(1)." [3] 473 F.2d at 688. The Supreme Court of Missouri in *Stussie* properly held that a "state may establish the age for jury service at twenty-one and that right is not affected by the passage of the Twenty-sixth Amendment to the United States Constitution or the fact that the state's minimum age for voting is eighteen." 518 S.W.2d at 637.[4]

*Deppe* considered the question presented in the context of a Section 1983 action which sought a judgment declaring Section 494.010 to be unconstitutional in that it allegedly deprived persons between the ages of 18 and 21 years of the right to serve on Missouri juries. Judge Harper dismissed that case for the reason that the complaint failed to allege a substantial federal question.

The cases from every circuit in the federal judicial system which conclude that *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), and *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed. 2d 690 (1975), have no application to an age group case are collected in *Barber v. Ponte,* 772 F.2d 982 (1st Cir.1985). The First Circuit's opinion en banc joined every other circuit that has considered an age group case. *See* 772 F.2d at 1000.

We therefore find and conclude that the pending petition for federal habeas corpus should be dismissed with prejudice for the reason that it fails to allege a substantial federal constitutional claim.

Accordingly, it is

---

**3.** Olson's trial was held after the ratification of the Twenty–Sixth Amendment, which did no more than lower the voting age to 18, but before the Congress amended Section 1865(b)(1) to lower the age for federal jury service to 18. Missouri, of course, has not lowered the age for jury service from 21 to 18. Nothing in the Constitution of the United States requires that Missouri do so.

**4.** *Stussie* relied on *United States v. Osborne,* 482 F.2d 1354 (8th Cir.1973), which was based on the Eighth Circuit's earlier decision in *Olson.* *Stussie* was most recently followed by the Supreme Court of Missouri in *State v. Carter,* 572 S.W.2d 430, 434 Mo. banc 1978), and in *State v. Mansfield,* 637 S.W.2d 699, 704 (Mo. banc 1982).

ORDERED that the pending petition for habeas corpus should be and the same is hereby dismissed with prejudice.