MUNCHICK ET AL., APPELLANTS, *v.* THE FIDELITY & CASUALTY CO. OF NEW YORK, APPELLEE.

(No. 39141—Decided June 23, 1965.)

*Mr. Wilbur Y. Armstrong* and *Mr. William H. Blackford*, for appellants.

*Mr. William H. Best*, for appellee.

MATTHIAS, J.  The question raised by this appeal is whether the loss of plaintiffs' motor vehicle through "larceny by trick" was within the coverage of the contract of insurance issued by defendant to plaintiffs.

The comprehensive clause of the insurance policy provides for payment for loss of the automobile except that caused by

collision. Other types of loss, none of which apply in this case, are expressly excluded from coverage. Certain causes of loss, including theft and larceny are specifically listed as being covered.

"A contract of insurance prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is doubtful, uncertain, or ambiguous." *Toms* v. *Hartford Fire Ins. Co.*, 146 Ohio St. 39, paragraph one of the syllabus.

Since defendant drafted the insurance agreement, any doubts arising from the language used should be resolved in favor of plaintiffs. The policy could have been so phrased as to prevent any mistake as to its meaning. Defendant excluded certain types of loss from its coverage and could easily have excluded a loss arising under the circumstances of this case. Defendant is responsible for the language employed. Thus, if the words used in the policy bear more than one reasonable meaning, they should be interpreted liberally in favor of plaintiffs. Restatement of Contracts 328, Section 236 (D); *Smith, Admr.*, v. *Eliza Jennings Home*, 176 Ohio St. 351, 355; *Peterson, Admr.*, v. *Nationwide Mutual Ins. Co.*, 175 Ohio St. 551, 553.

Theft and larceny are listed in the policy as causes of loss for which defendant will be required to pay. These terms are used in an insurance policy drawn by the insurer. There is no reason to apply the narrow interpretation that might be given them in a criminal action. See *Milwaukee Mechanics' Ins. Co.* v. *Heffernan*, 121 Ohio St. 499, 501; *Granger* v. *New Jersey Ins. Co.*, 108 Cal. App. 290, 294, 291 P. 698, 700. The term, "theft," should be given the usual meaning and understanding accorded it by persons in the ordinary walks of life. *Toms* v. *Hartford Ins. Co., supra*, paragraph two of the syllabus.

Although the term, "theft," is often used in a popular sense to mean larceny, the terms are not synonymous. Theft is a broader term than larceny and includes other forms of wrongful deprivation of the property of another. Bouvier, Law Dictionary (Rawles, 3 Rev.). See, also, definitions in Webster's Third New International Dictionary; Black, Law Dictionary (4 Ed.); 13 Encyclopedia Britannica 720, Larceny; 6 Blashfield, Automobile Law and Practice 315, Section 3712.

Where the term, "theft," is used but not defined in an insurance contract drafted by the insurer, it includes any wrongful deprivation of the property of another without claim or color of right. Paragraph one of the syllabus of *Riley* v. *Motorists Mutual Ins. Co.*, 176 Ohio St. 16; paragraph three of the syllabus of *Toms* v. *Hartford Fire Ins. Co., supra*; Corpus Juris Secundum 953, Insurance, Section 886. *Royal Ins. Co., Ltd.,* v. *Jack,* 113 Ohio St. 153, overruled.

Defendant claims that the loss of plaintiffs' automobile was not a "loss" as that term is defined in the policy. " 'Loss' means direct and accidental loss of or damage to (a) the automobile including its equipment."

The term, "accidental," as used in an insurance policy means "an unexpected happening without intention or design." Its inclusion makes it clear that the insured is not protected against loss resulting from his own intentional and malicious acts. *Rothman* v. *Metropolitan Casualty Ins. Co.*, 134 Ohio St. 241, 247. The fact that plaintiff voluntarily delivered the automobile and an executed certificate of title to the wrongdoer would not preclude recovery under the policy. Only losses which are intentionally caused by the insured are excluded from coverage.

We find that the term, "theft," as used in the policy involved in the instant case, included the transaction which caused the loss of plaintiffs' automobile. Kantsis, without claim or color of right, wrongfully deprived plaintiffs of their property. Under the terms of the insurance contract, plaintiffs are entitled to recover from defendant for the loss of their automobile.

*Judgment reversed.*

ZIMMERMAN, O'NEILL and KERNS, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for BROWN, J.

TAFT, C. J., concurring. I concur in paragraph one of the syllabus and in the judgment but see no reason for considering

the question of law dealt with in paragraph two of the syllabus.

In *Royal Ins. Co., Ltd.,* v. *Jack* (1925), 113 Ohio St. 153, 148 N. E. 923, this court held that, where as in the instant case a wrongdoer fraudulently obtained title to and possession of an automobile from an insured in exchange for a worthless check and thereby deprived that insured of his automobile, there was no "theft" of the automobile within the meaning of a policy insuring against the theft of such automobile.

However, under the policy involved in the instant case, defendant agreed "to pay for loss caused other than by collision to" plaintiffs' Cadillac; and it further agreed that "for the purpose of this coverage, * * * theft *or* larceny * * * shall not be deemed to be loss caused by collision." (Emphasis added.)

These words of the policy recognize by necessary implication that "theft or larceny, shall * * * be deemed to be loss" not excluded from coverage, *i. e.,* "loss caused other than by collision," and thereby covered by the policy.

In the *Jack case,* this court equated the term "theft" with the then statutory crime of larceny. Thereafter, our General Assembly enacted what is now Section 2907.21, Revised Code, defining as a crime what is specified therein as "larceny by trick." The plaintiff insureds' loss of their insured Cadillac was admittedly caused by the crime of "larceny by trick" as defined in that statute. Even if we conclude that the word "theft" in a policy comprehends only larceny as defined by the statute in effect at the time of the *Jack case,* we do not have the problem as to whether its meaning should be expanded to include larceny as now defined by statute. The policy here involved uses the words "theft or larceny." The word "larceny" certainly includes larceny as defined at the time of issuance of the policy and thus includes the so-called crime of "larceny by trick" then and now specified in Section 2907.21, Revised Code.

HERBERT and SCHNEIDER, JJ., concur in the foregoing concurring opinion.