**GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Appellant,**

v.

**Ronald G. DENHARDT, Appellee.**

**No. 4492.**

District of Columbia Court of Appeals.

Argued Feb. 11, 1969.

Decided May 14, 1969.

David F. Grimaldi, Washington, D. C., with whom Richard W. Galiher, William E. Stewart and William H. Clarke, Washington, D. C., were on the brief, for appellant.

John F. Costello, Washington, D. C., with whom Michael F. Keogh, John W. Mannix and John F. Burke, Washington, D. C., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KELLY, Associate Judge.

In response to an advertisement listing his 1965 Volkswagen for sale appellee received a call from a man identifying him-

self as Carl Lance who expressed an interest in purchasing the car. A price was agreed upon subject to Lance's looking the car over to see if it was in good condition. Lance was unable to get to Maryland, where appellee lived, so appellee met him in Rosslyn, Virginia, where the sale was eventually consummated. The check given in payment for the car was subsequently dishonored.

Appellee brought suit against his insurance company to recover the loss under a comprehensive coverage provision which specifically includes loss from theft or larceny. Both parties moved for summary judgment, based upon the pleadings and appellee's deposition. The court entered judgment for appellee in the sum of $1,175, the stipulated amount of the loss. The sole question on appeal is whether appellee's insurance policy covered the loss.

 Lance obtained appellee's automobile by means of false pretenses. And while there is persuasive authority to the contrary,[1] this court has ruled that the common meaning of the word "theft" does not include a taking by false pretenses. Boggs v. Motors Insurance Corporation, D.C.Mun.App., 139 A.2d 733 (1958); Great American Indemnity Company v. Yoder, D.C.Mun.App., 131 A.2d 401 (1957);[2] cf. General Cas. Co. of America v. Gunion, D.C.Mun.App., 99 A.2d 643 (1953).[3] We said in *Great American* that

Whether the term "theft" comprehends a taking by false pretenses must be determined by the common meaning given the term and the intended purpose of the comprehensive coverage clause. We think the popular definition of "theft" carries the import of a trespass and is not applicable where one intends to voluntarily transfer not merely possession but title to the property. [131 A.2d at 403]

 Appellee would distinguish *Great American* and *Boggs* on the ground that in those cases the policies of insurance contained an exclusion from coverage of an automobile which becomes subject to a purchase agreement whereas the instant policy does not. But as we read those opinions, the presence of the exclusion clause was not the decisive factor in the holdings; rather it simply fortified the conclusion that it was not the intention of the parties that a taking by false pretenses come within the policy's coverage. Thus we are not now persuaded that we should adopt the contrary reasoning of Munchick v. Fidelity & Casualty Co. of New York, 2 Ohio St.2d 303, 209 N.E.2d 167 (1965), where, as here, the insurance policy contained no such exclusion. We hold that the trial court erred in denying appellant's motion for summary judgment and granting judgment for appellee.

Reversed with instructions to enter judgment for appellant.

1. *See, e. g.,* Munchick v. Fidelity & Cas. Co., of N. Y., 2 Ohio St.2d 303, 209 N.E. 2d 167 (1965) (larceny by trick); Central Surety Fire Corp. v. Williams, 213 Ark. 600, 211 S.W.2d 891 (1948) (false pretenses within the statutory definitions of larceny).

2. We apply the law of the District of Columbia because there is no controlling precedent in Maryland where appellee resided, the car registered, the policy issued, and the premiums paid. Virginia law, the place of sale, does not apply, nor would it avail appellee. Boggs v. Motors Ins. Corp., *supra.* As in the District, Maryland retains the common law distinction between larceny and false pretenses, Ann.Code of Md., Vol. 3, Art. 27, §§ 340, 140 (1957), while Virginia does not. 4 Code of Va., § 18.1–118 (1950)

3. *But cf.* Pa. Indem. Fire Corp. v. Aldridge, 73 App.D.C. 161, 117 F.2d 774, 133 A.L.R. 914 (1941).