UNITED STATES of America,
Appellee,

v.

Francis Duane OSBORNE and Donald
Dean Ledford, Appellants.

No. 72–1545.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1973.

Decided Aug. 15, 1973.

W. J. Giles, III, Sioux City, Iowa, for appellants.

Gary E. Wenell, Asst. U.S. Atty., Sioux City, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

VAN SICKLE, District Judge.

The defendants herein were convicted of criminal conspiracy, interstate transport of a forged security, and interstate transportation of stolen cattle, violations of Title 18 U.S.C. §§ 371, 2314 and 2516 respectively.

They have taken this timely appeal alleging certain errors:

1) Appellants urge that failure to include eighteen year olds in the array of grand and petit jurors who considered these matters violated the appellants' rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. The conduct under indictment occurred September through December 1971. The indictment was dated June 5, 1972. The case was tried beginning on July 19, 1972.

Thus it falls within the period between the ratification of the Twenty-sixth Amendment to the Constitution, which lowered the voting age to eighteen, but before the effective date of Public Law 92–269, § 1; 86 Stat. 117,

* Sitting by designation.

which *inter alia* amends 28 U.S.C. § 1865(b)(1) by lowering the age for service on federal juries to eighteen.

This question has been decided against appellants' position, United States v. Olson, 473 F.2d 686 [8th Cir. 1973], and needs no further discussion here.

2) The defendants were identified by witnesses who had examined photographic arrays.

The photographic arrays were presented to the witnesses after indictment and without counsel for the defendants being present or being given a chance to check the photographs included in the arrays. Appellants argue that the identification was invalid because it violated defendants' right to counsel under the Sixth Amendment to the Constitution of the United States, and it was unfair because there was only one person in each array who matched the description of the suspect. The arrays are exhibits numbered 3A through 31 and exhibit 4A in the principal case. The record reflects in-court identifications, and recites the witnesses' verbal descriptions of the defendants. These descriptions are particularly meaningful because one of the defendants was partially bald at the time of trial, although he had worn a hairpiece and facial hair at the time of the conduct complained of.

In their brief, appellants agree, and we agree with them, that the questions raised here are resolved by the United States Supreme Court in United States v. Charles J. Ash, Jr., 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 [1973]. The Supreme Court there held that the Sixth Amendment does not grant the right to have counsel present at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender.

As to the problem of fairness in these particular displays, examination of exhibits 3 and 4A, and the photographs in each group, when tested against the verbal descriptions of the witnesses as reflected by the transcript show that several persons in the photographs do fall within the descriptions given by witnesses.

3) Defendants were compelled to submit handwriting exemplars. This was claimed to violate defendants' Fifth Amendment right against self incrimination, and defendants' Fourth Amendment right against unreasonable search and seizure. Those claims are resolved against the defendants by two recent United States Supreme Court decisions, United States v. Dioniso, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67, and United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99, both decided in January 1973.

4) By separate letter, the defendants raised objection to a series of incidents occurring during the trial which they assert demonstrated that they failed to receive a fair trial. We have reviewed those assertions and find they have no merit.

The judgment is affirmed.