**D. B. JEREMY & SONS, INC.,**
**Plaintiff,**

v.

**COMMERCIAL UNION ASSURANCE COMPANIES, Defendant.**

**No. C 74–377.**

United States District Court,
N. D. Ohio, W. D.

Aug. 6, 1975.

---

18. Similar instructions were delivered with respect to the aiding and abetting charges in Counts V and IX.

Paul C. Moon, Moon, Moon & Noblitt, Port Clinton, Ohio, for plaintiff.

Louis H. Rice, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, for defendant.

## OPINION and ORDER

WALINSKI, District Judge:

This cause is before the Court upon cross motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Since both sides have filed briefs on the issues the Court deems the matter submitted for a final determination.

The facts are conceded by the parties without dispute. Defendant sold plaintiff a policy of flood insurance prior to the construction of a building at 403 Lakeshore Drive in Port Clinton, Ohio. The policy also was intended to cover materials used in construction of the building. Certain skylights, which are the subject of this lawsuit, were delivered to the construction site to be used in the construction of the building. They were placed on the open ground in their original shipping containers. Shortly after the policy became effective, Lake Erie flooded the area and thereby damaged the skylights. The sole issue before the Court is whether their loss was insured by the policy within the facts of this case.

The pertinent language of the policy is:

"When the insurance under this policy covers a building [which this one did], such insurance shall include * * * materials and supplies *while within an enclosed structure located on the described premises* or adjacent thereto, intended for use in construction, alteration or repair of such structure or appurtenant private structures on the described premises." [*Emphasis added.*]

The facts unequivocally show that the damaged skylights were not "within an enclosed structure" at the time they were damaged by the flood.

Plaintiff argues, however, that this language does not mean that the skylights really had to be "within an enclosed structure" because such a reading would inevitably mean that such materials could never be insured until construction of a building had progressed to the point that it became an enclosed structure and that such a result is absurd. Plaintiff thus invokes the time honored doctrine that ambiguous language in an insurance contract be construed liberally in favor of the insured and strictly against the insurer. *See e. g., Munchick v. Fidelity & Cas. Co. of N. Y.*, 2 Ohio St.2d 303, 209 N.E.2d 167 (1965); *Buckeye Union Ins. Co. v. Price*, 39 Ohio St.2d 95, 313 N.E. 2d 844 (1974).

This Court is unable to see any ambiguity in the challenged words, nor is it able to conclude that their plain meaning leads to an absurd result. If this Court were purchasing the insurance coverage for itself, it might have bargained for slightly different language in this regard. However, it is not given to the Court to upset the bargain struck by the parties. If the result now seems absurd to the party who suffers the loss, that does not also mean that the result is legally absurd. There having been no claim raised that this is a contract of adhesion which was unconscionable when made and ought not to be enforced, the Court has no alternative but to deny plaintiff's claims.

Accordingly, it is

Ordered that defendant's motion for summary judgment be, and hereby is, granted and that summary judgment be entered in favor of the defendant that it is not liable on the contract of insurance.