Wayne STEINBACH, Appellant,
Cross-Appellee,

v.

CONTINENTAL WESTERN INSUR-
ANCE COMPANY, Appellee,
Cross-Appellant.

No. 2–57021.

Supreme Court of Iowa.

Jan. 21, 1976.
Rehearing Denied March 12, 1976.

Maurice B. Nieland, Sioux City, for appellant, cross-appellee.

Theodore T. Duffield, Des Moines, for appellee, cross-appellant.

MOORE, Chief Justice.

Plaintiff appeals dismissal of his petition and challenges the trial court's determination that his loss of cattle was not covered under the terms of his "theft" insurance policy. Defendant appeals from the court's denial of summary judgment sought by defendant on ground the insurance policy limitation barred suit twelve months after a covered loss occurs. We find the trial court applied an over-restricted definition of "theft" in construing the policy before it and therefore must set aside the dismissal. In addition, the record shows issues of material fact before the court and we therefore affirm the court's refusal to grant summary judgment to defendant.

I. We first consider the issues raised on plaintiff's appeal.

The parties are not in dispute regarding the basic facts leading up to plaintiff's loss. On December 12, 1971, plaintiff's property was covered by a "blanket farm package" insurance policy issued by defendant Continental Western Insurance Company. Included in that policy, under a heading entitled "Special Provisions" was the following language:

> "(i) Theft: Coverage on property insured in this form is extended to include direct loss by theft, excluding mysterious disappearance, inventory shortage, wrongful conversion, embezzlement and escape. * * *."

Sometime in early December 1971, plaintiff advertised for the sale of 50 head of cattle. In response to that advertisement, a person who called himself "Steve Weston" inquired about, and later negotiated for the purchase of the livestock. During the negotiations Weston made several false and fraudulent representations. On December 12, 1971 Weston tendered to plaintiff a cashier's check for the purchase price of the cattle and hauled them away. This check was later found to be a forgery. Two of the three men involved were later convicted of interstate transportation of stolen cattle. See *United States v. Osborne*, 8 Cir., 482 F.2d 1354.

When plaintiff sought to recover his loss under terms of the policy set out above, defendant refused payment asserting that

the term "theft" was synonymous with "larceny" and did not encompass the offense of "false pretenses."

The trial court agreed with defendant's contention. Defendant's motion for summary judgment was sustained. Plaintiff's action to recover the value of the cattle was dismissed.

The primary issue on plaintiff's appeal is the meaning of "theft" as used in the policy.

■ II. The principles governing our review have been clearly enunciated in a number of our recent opinions. Where, as here, the trial court made his findings as a matter of law, we are not bound by his determination if he applied an improper rule of law. *C & J Fert., Inc. v. Allied Mut. Ins. Co.*, Iowa, 227 N.W.2d 169; *Connie's Const. v. Fireman's Fund Ins.*, Iowa, 227 N.W.2d 207.

■ When interpreting ambiguous words in insurance contracts, the language should be interpreted from the viewpoint of an ordinary person, not a specialist or expert. *Benzer v. Iowa Mutual Tornado Insurance Ass'n.*, Iowa, 216 N.W.2d 385, 388. Where insurance contracts require interpretation, the courts will adopt the construction most favorable to the insured. *City of Spencer v. Hawkeye Security Insurance Co.*, Iowa, 216 N.W.2d 406, 408. In construction and application of a standardized insurance contract, the courts strive to effectuate the reasonable expectations of the average member of the public who accepts it. *C & J Fert., Inc. v. Allied Mut. Ins. Co., supra*, 227 N.W.2d at 176.

III. We have recently considered the proper interpretation of "theft" in *Long v. Glidden Mutual Insurance Association*, Iowa, 215 N.W.2d 271, where the insurance policy provision at issue stated:

"PROVISIONS APPLICABLE ONLY TO THEFT:

(a) Loss by theft of insured personal property shall require substantial proof of theft by the insured. *No coverage shall apply to loss caused by or resulting from mysterious disappearance or to loss discovered through inventory or to loss by other unaccountable shortages."* 215 N.W.2d at 273. (Emphasis added).

In *Long*, we held: "The term 'theft' is not defined in the policy." 215 N.W.2d at 273. Comparing the above exclusionary language (italicized) with the exclusionary language of the insurance contract at issue in this appeal, " * * * excluding mysterious disappearance, inventory shortage, wrongful conversions, embezzlement and escape.", we are convinced that the cited language is not materially distinguishable from that found in *Long*, and therefore, that "theft" is not defined in this policy.

Although the definition of "theft" was not directly at issue there, we stated in *Long* that where "theft" is not defined in the policy, "It * * * has its popular meaning as a word of general and broad connotation covering any wrongful appropriation of another's property to the use of the taker. (Citations)." 215 N.W.2d at 273.

Recent opinions from other courts have followed this approach. Most recently, the Louisiana Appellate Court, in partial reliance on a state statute somewhat broader than our own, stated:

" * * * [W]e believe the common and usual signification of the word 'theft' reasonably includes a taking by fraudulent conduct under circumstances which evidence an intent to steal." *Gomez v. Security Insurance Company of Hartford*, La.App., 314 So.2d 747, 749 (1975).

In accord are the following cases: *Farm Bureau Mutual Insurance Co. v. Carr*, 215 Kan. 591, 528 P.2d 134, 137 ("Our previous cases have uniformly held that fraudulent schemes * * * constitute a 'theft.' "); *Raff v. Farm Bureau Insurance Co. of Nebraska*, 181 Neb. 444, 149 N.W.2d 52, 55 ("As a general rule * * * [theft] as used in an insurance policy * * * [may include] unlawful appropriations as well as larceny."); *Munchick v. Fidelity & Casualty*

*Co. of New York*, 2 Ohio St.2d 303, 209 N.E.2d 167, 170 ("Theft is a broader term than larceny and includes other forms of wrongful deprivations of the property of another."); *P. E. Ashton Company v. Joyner*, 17 Utah 2d 162, 406 P.2d 306, 308 (" * * * 'theft,' as used in the instant policy of insurance * * * [includes] the wilful taking or appropriation of one person's property by another, wrongfully and without justification * * *.").

Even courts taking the opposite view recognize "persuasive authority to the contrary." (See *General Accident Fire & Life Assur. Corp. v. Denhardt*, D.C.App., 253 A.2d 450, 451).

■ This court also has authority contrary to the view expressed in *Long v. Glidden Mutual Insurance Association, supra*. In *Cedar Rapids Nat. Bk. v. American Surety Co.*, 197 Iowa 878, 195 N.W. 253, the court adopted the strict criminal law definition of "theft" and denied recovery to a bank defrauded by a clever swindler. Appellee in this case has argued, and the trial court found, that the Cedar Rapids National Bank case was controlling authority on the definition of "theft." We cannot agree. The policy presumptions which supported the Cedar Rapids National Bank case are no longer a part of our law. The principles governing our inquiry are set out in Division II of this opinion and need not be repeated here. Suffice to say that we no longer apply strict rules of construction which will defeat the reasonable expectations of one who purchases theft insurance from an insurance company, totally in control of the contract terms. *C & J Fert., Inc. v. Allied Mut. Ins. Co., supra*, 227 N.W.2d at 176; *Rodman v. State Farm Mutual Automobile Ins. Co.*, Iowa, 208 N.W.2d 903. As we said in *Benzer v. Iowa Mutual Tornado Insurance Ass'n., supra*, 216 N.W.2d at 388: "An insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations or exclusionary clauses in clear and explicit terms."

■ Here, Continental Western has listed five kinds of losses not covered by the "theft" policy. Plaintiff's loss does not fall under any of the stated exceptions and therefore, under the commonly understood, rather than legally precise, definition of "theft", we find that plaintiff's loss, whether technically "larceny by trick" or "false pretenses" was covered by the "theft" policy and that plaintiff is entitled to recover his loss from defendant. To the extent that *Cedar Rapids Nat. Bk. v. American Surety Co. of New York, supra*, is inconsistent with this holding, it should be and is hereby overruled.

IV. Turning now to defendant's cross appeal, we must consider whether defendant was entitled to summary judgment on the issue of plaintiff's failure to file suit within twelve months of his alleged loss. The rules governing our inquiry are familiar.

■ In ruling on a motion for summary judgment, the court's function is to determine whether a genuine issue of fact is presented by the pleadings, depositions, affidavits or other instruments before it. *Davis v. Comito*, Iowa, 204 N.W.2d 607, 608. The burden is upon movant to show absence of any such genuine issues of material fact. All material before the court must be viewed in the light most favorable to the opposing party. *Daboll v. Hoden*, Iowa, 222 N.W.2d 727, 731.

"'On appeal from a summary judgment, the record must be viewed in the light most favorable to the party opposing the motion. The moving party bears the burden of showing both that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Daboll v. Hoden, supra*, 222 N.W.2d at 731.

■ After viewing the whole record before the trial court, we find it correctly overruled defendant's motion for summary judgment. The material before the court clearly evidenced a factual dispute between

the parties concerning both plaintiff's receipt of the policy jacket containing the one year limitation clause and the existence of the alleged estoppel defense. We therefore affirm the trial court on defendant's cross-appeal.

Reversed and remanded on plaintiff's appeal, affirmed on defendant's cross-appeal.

MASON, REYNOLDSON, HARRIS and McCORMICK, JJ., concur.

UHLENHOPP, LeGRAND and REES, JJ., dissent.

RAWLINGS, J., takes no part.

UHLENHOPP, Justice (dissenting).

I think the plain and ordinary meaning of "theft" is stealing. Weston did not steal; he swindled. He is not a thief; he is a swindler.

I would affirm.

LeGRAND and REES, JJ., join in this dissent.