**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DUNCAN B. SUTHERLAND, JR.;
VERNELL M. SUTHERLAND,
<u>Plaintiffs-Appellants,</u>

v.

TRAVELERS INSURANCE COMPANY,
<u>Defendant-Appellee,</u>

No. 95-2012

and

ALLIED VAN LINES, INCORPORATED;
EHMKE/COLUMBUS MOVERS,
INCORPORATED; CENTRE CARRIERS
CORPORATION, t/a Dunmar Moving
Systems,
<u>Defendants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
James E. Bradberry, Magistrate Judge.
(CA-94-138)

Argued: March 6, 1996

Decided: April 29, 1996

Before WIDENER and WILKINS, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Kevin William Grierson, JONES, BLECHMAN, WOLTZ & KELLY, P.C., Newport News, Virginia, for Appellants. William O. Smith, Richmond, Virginia, for Appellee. **ON BRIEF:** Kenneth B. Murov, Michael B. Ware, JONES, BLECHMAN, WOLTZ & KELLY, P.C., Newport News, Virginia, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is a coverage dispute under a homeowners' insurance policy issued to Plaintiffs-Appellants, Duncan and Vernell Sutherland (the "Sutherlands"), by Defendant-Appellee, The Travelers Insurance Company ("The Travelers"). Plaintiffs lost several items of personal property during their move from Ohio to Virginia in the summer of 1992. They brought this action against their moving company and The Travelers after their claim of loss was denied. Before trial, Plaintiffs settled with the moving company, so the action went forward against the insurance company only.

The insurer denied coverage because it determined that Plaintiffs could not establish a likelihood that theft had occurred, so as to bring the loss within coverage of the policy. The case was tried, without a jury, by a United States Magistrate Judge who found that Plaintiffs failed to carry their burden of proof. Accordingly, judgment was entered in favor of Defendant. Plaintiffs appeal, claiming that the trial judge erred in excluding testimony from Plaintiffs' expert witness regarding the likelihood that Plaintiffs' property had been stolen, and that the judge applied an improper definition of theft under Ohio law. For the reasons that follow, we affirm.

2

I.

In the summer of 1992, Plaintiffs moved from Columbus, Ohio to Williamsburg, Virginia. They contracted with Allied Van Lines ("Allied") and its local agent, Ehmke/Columbus Movers, Inc., to move their personal belongings. The contract provided for pickup in Ohio on August 3, 1992 and delivery in Williamsburg between August 5 and August 7. For some reason, the movers were unable to make the delivery until August 10. Mr. Sutherland had taken off work in anticipation of delivery between the fifth and seventh, but he could not be present on the tenth. Therefore, Mrs. Sutherland had to handle the delivery by herself.

The movers arrived at about 6:30 on the evening of August 10 and worked until about midnight unloading the van. Presumably because of the late hour, the driver did not allow Mrs. Sutherland to check off the inventory as the boxes were removed from the van. Instead, the driver suggested that it would be quicker to perform the inventory after everything was inside the house. Mrs. Sutherland and the driver apparently had a disagreement during the unloading process, and the inventory was not taken that night. She claims that she insisted on having the inventory done that night, or even the next morning, but that the driver refused because he had to make another delivery the next day to a family in Delaware. On the other hand, the driver contends that Mrs. Sutherland refused to do the inventory that evening since it was so late.

Nevertheless, when Mrs. Sutherland finally checked over the boxes during the next few days, she realized that several were missing. Plaintiffs made a list of the missing items and submitted claims to the moving companies and to The Travelers, but their claims were denied.

Plaintiffs' insurance policy with Defendant provided coverage for, inter alia, "Theft, including attempted theft and loss of property from a known place when it is likely that the property has been stolen." J.A. at 255. Defendant denied coverage to Plaintiffs because it determined that they could not establish a likelihood of theft.

Thereafter, Plaintiffs filed a lawsuit in Virginia state court against the moving companies for loss of items transported by the carriers,

3

and against The Travelers for breach of insurance contract for failing to reimburse Plaintiffs' for the loss of those items. The moving company defendants removed the case to federal court based on the Carmack Amendments, 49 U.S.C. § 11707. Shortly before trial, Plaintiffs settled with the moving company defendants. The district court exercised its discretion under 28 U.S.C. § 1367 to keep the remaining supplemental claim against The Travelers, and the case proceeded to trial.

The case was tried before a United States Magistrate Judge without a jury on May 1, 1995. At the close of Plaintiffs' evidence, Defendant moved for judgment as a matter of law, which motion was denied. Defendant then rested its case in chief without presenting any evidence. The magistrate judge determined that Plaintiffs had failed to carry their burden of proving that theft of their property likely occurred. Accordingly, the magistrate judge found in favor of Defendant, and judgment was so entered.

II.

On appeal, Plaintiffs first contend that the trial judge erred in refusing to allow their expert witness on moving procedures to testify about the likelihood of theft in this case. According to Plaintiffs' proffer, the witness would have testified that based upon his review of the evidence in the case and his interviews with Plaintiffs, in his opinion it is more likely than not that the items were stolen.

The trial judge refused to allow the testimony because he determined that the expert's opinion would have to be based on speculation since there was no concrete evidence in the record to support such an opinion. Although the judge acknowledged that Fed. R. Evid. 704 allows a witness, under certain circumstances, to testify as to the ultimate issue in the case, he ruled that the instant case did not present such an appropriate circumstance.

The admissibility of evidence, such as whether to allow the testimony of an expert witness, is generally reviewed on appeal for abuse of discretion. Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc., 71 F.3d 119, 126 (4th Cir. 1995). The legal standards applied

4

by the district court in making its evidentiary rulings are, however, reviewed <u>de novo</u>. <u>Id.</u> at 126-27.

After carefully examining the record in this case, the court concludes that the trial judge did not abuse his discretion in excluding the testimony of Plaintiffs' expert witness. The trial judge's determination that there was not enough evidence to support the expert's opinion is reasonable. Moreover, it is doubtful that Plaintiffs' expert would have "assist[ed] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The expert was offered merely to state his opinion about a matter that was clearly within the ken of an ordinary person such as the magistrate judge who served as the finder of fact in this case.

III.

Plaintiffs next argue that the trial judge erred in finding that they failed to establish the likelihood of theft as defined by the policy and Ohio law.*

Under Fed. R. Civ. P. 52, factual findings of the trial court will not be disturbed on appeal unless they are clearly erroneous. "`A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 573 (1985) (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). In reviewing factual findings, the facts and inferences must be taken in the light most favorable to the appellee. <u>Ente Nazionale Per L'Energia Electtrica v. Baliwag Navigation, Inc.</u>, 774 F.2d 648, 654 (4th Cir. 1985).

Appellants contend that the trial court granted Defendant's motion for judgment as a matter of law at the conclusion of all evidence and that the ruling is therefore subject to <u>de novo</u> review. As Defendant asserts, however, the record shows that the magistrate judge actually resolved the dispute on the merits as the finder of fact. Because of this

_____

*Both parties agree that Ohio law applies to the interpretation of the insurance contract at issue in this case.

5

procedural history, we must apply the clearly erroneous standard of review in this action.

As both parties acknowledge, this action turns on whether Plaintiffs have established that it is likely that a theft of their property occurred. Plaintiffs first cite to State v. Green, 480 N.E.2d 1128, 1132 (Ohio Ct. App. 1984), in which the Ohio Court of Appeals stated, "Although the term `likely' connotes something more than a mere possibility, it also connotes something less than a probability or reasonable certainty." Plaintiffs suggest that the term "likely" is ambiguous and, therefore, under Ohio law should be construed against the insurance company.

As Defendant responds, however, the likelihood of theft is not a question of ambiguity in the term "likely," but rather a question of burden of proof. The term "likely" is not ambiguous under Ohio law, but rather establishes the degree of possibility that Plaintiffs must satisfy to make their case.

Plaintiffs also contend that the trial judge applied the wrong definition of the term "theft." Plaintiffs' theory of the case is that the missing boxes of belongings were still on the truck when the driver made his subsequent delivery to Delaware. When the driver realized that not all of Plaintiffs' property was unloaded in Virginia, according to Plaintiffs, he either sold the goods or abandoned them in a dumpster someplace. Alternatively, Plaintiffs contend that the family in Delaware who received the second delivery mistakenly received the remaining boxes of Plaintiffs' property and wrongly denied receiving them. Under either scenario, argue Plaintiffs, a theft has occurred.

Plaintiffs cite to two points in the transcript in which the judge implies that, to show theft, Plaintiffs would have to show that the shipment was at risk at some point during the move. During the colloquy with counsel at the close of the case, the trial judge made the following statement:

> Let's assume just for discussion purposes that [the driver] does get up there [to Delaware] and he does find the fourteen boxes and says no way am I going back to Virginia and he throws them in the dumpster someplace. What he has

6

done, he has destroyed their property. That's not conversion. That's not theft.

J.A. at 232. In addition, earlier in the trial, the judge stated, "the fact is that somewhere along the line there still has to be some showing that the shipment is at risk." J.A. at 180-81. According to Plaintiffs, the judge's definition of theft is inconsistent with Ohio law and caused him erroneously to determine that they failed to meet their burden of proof.

In Munchick v. Fidelity & Cas. Co., 209 N.E.2d 167 (Ohio 1965), the Ohio Supreme Court analyzed the term "theft" as used in an insurance policy:

> Theft and larceny are listed in the policy as causes of loss for which defendant will be required to pay. These terms are used in an insurance policy drawn by the insurer. There is no reason to apply the narrow interpretation that might be given them in a criminal action. The term, "theft," should be given the usual meaning and understanding accorded it by persons in the ordinary walks of life.
>
> Although the term, "theft," is often used in a popular sense to mean larceny, the terms are not synonymous. Theft is a broader term than larceny and includes other forms of wrongful deprivation of the property of another.
>
> Where the term, "theft," is used but not defined in an insurance contract drafted by the insurer, it includes any wrongful deprivation of the property of another without claim or color of right.

Id. at 170 (citations omitted); see also Toms v. Hartford Fire Ins. Co., 63 N.E.2d 909, 911 (Ohio 1945) (holding that the term theft "should be interpreted as liberally as possible to protect the insured"). Plaintiffs argue that the trial court erred in assuming that Plaintiffs must show that their property was unsecured at some point in the shipment to show likelihood of theft.

7

In response, Defendant argues that the trial judge, as the finder of fact, merely found that Plaintiffs did not establish, by a preponderance of the evidence, that theft was likely. In the alternative, Defendant argues that, even if the trial court used the wrong definition of theft, it was harmless error because Plaintiffs failed to prove that their theory of loss was more likely than another.

After reviewing the record in this case, this court determines that the magistrate judge's finding that Plaintiffs failed to meet their burden of proof is not clearly erroneous. Although the trial judge's definition of theft may have been inconsistent with Ohio law, his decision clearly rested on Plaintiffs' failure to establish that their explanation of the loss was more likely than any other possibility supported by the facts. As the trial judge stated at the end of the case,

> The difficulty is that there is no proof and, unfortunately, [the Sutherlands] may have been left in the absolutely untenable position of never being able to offer any proof, but there is simply no proof in this record to suggest there's a likelihood that the property was stolen. Items can be lost. The testimony of [Plaintiffs' expert] indicates that it is likely that the items were misshipped, misplaced, simply sent someplace else, simply lost by the shipper who performed incompetently as it is likely that the items were a subject of a theft . . . .

J.A. at 240-41. There is evidence in the record that supports these alternative theories. Accordingly, the magistrate judge's findings of fact are not clearly erroneous.

IV.

In conclusion, the court determines that the trial judge did not abuse his discretion in preventing Plaintiffs' expert from rendering an opinion about the likelihood that Plaintiffs' property was stolen. In addition, the trial judge's factual determination that Plaintiffs' failed to satisfy their burden of proving likelihood of theft is not clearly erroneous. Accordingly, the judgment below is hereby

AFFIRMED.

8