[Cite as *Magolan v. Shellhouse* , 2012-Ohio-2144.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| KYLE MAGOLAN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-105 |
| KEITH SHELLHOUSE DBA | : |  |
| INDEPENDENT AUTO BODY | : |  |
|  | : | O P I N I O N |
| ESSENTIA INSURANCE COMPANY |  |  |
|  |  |  |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Richland County Court
                              of Common Pleas, Case No. 2010CV0669

JUDGMENT:                     Reversed and Remanded

DATE OF JUDGMENT ENTRY:       May 11, 2012

APPEARANCES:

For Plaintiff-Appellant               For Defendant-Appellee

WILLIAM TRAVIS MCINTYRE               JAMES L. GLOWACKI
BROWN, BEMILLER, MURRAY               JAMES J. IMBRIGIOTTA
MCINTYRE, & HARING LLP                WILLIAM H. KOTAR
24 West Third Street, Ste. 206        GLOWACKI & IMBRIGIOTTA
Mansfield, OH 44902                   7550 Lucern Drive, Ste. 208
                                      Middleburg Heights, OH 44130


                                      KEITH SHELLHOUSE PRO SE
                                      INDEPENDENT AUTO BODY
                                      2952 Plymouth-Springmill Road
                                      Shelby, OH  44875

*Gwin, P.J.*

{¶1}   Plaintiff-appellant Kyle Magolan appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of defendant-appellee Essentia Insurance Company on appellant's claim for theft of his vehicle.   Appellant assigns a single error to the trial court:

{¶2}   "I. THE TRIAL COURT ERRED IN GRANTING ESSENTIA'S MOTION FOR SUMMARY JUDGMENT.  THE COURT DISREGARDED THE OHIO RULES OF CONSTRUCTION FOR THE INTERPRETATION OF AN INSURANCE POLICY AND BY DOING SO GLOSSED OVER A NUMBER OF QUESTIONS OF FACT WHICH SHOULD HAVE BEEN LEFT FOR A JURY."

{¶3}   Civ. R. 56  states in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment,

interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶4}  A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company*, 67 Ohio St. 2d 427 (1981).  The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.,*  15 Ohio St. 3d 321 (1984).  A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.,* 135 Ohio App. 3d 301 (1999).

{¶5} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.,*  30 Ohio St. 3d 35 (1987).  This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

{¶6}  The trial court found certain facts were undisputed.  Appellant hired defendant Keith Shellhouse to restore a 1967 fastback appellant had purchased from a third party, with the goal of making the vehicle into a Shelby Clone.  The contract called for Shellhouse to do $10,000 of labor and for appellant to supply all parts.  Appellant paid Shellhouse $3,000 on May 16, 2003.  When the project was over, appellant was to have a "turn-key vehicle".

{¶7}  Because the original vehicle was in such poor condition, the car was not roadworthy and most of the vehicle's parts needed to be replaced.  Appellant purchased parts and had them shipped directly to Shellhouse.  Shellhouse

acknowledged that he received the parts between June and November 2003, and additional parts were delivered in 2004.

{¶8} The court found in December 2004 appellant moved from Michigan to Florida. Shellhouse acknowledged he had multiple conversations with appellant in 2005. In 2006, every three or four months, appellant would call and ask how the car was progressing. In 2007, appellant was worried about whether the car would ever be finished.

{¶9} In 2007, the frame of the vehicle was primed and waiting for paint. None of the parts purchased in 2003 or 2004 had been installed in the vehicle. In August of 2008, Shellhouse considered the vehicle abandoned because appellant had allegedly failed to pay him additional money owed and had allegedly not contacted Shellhouse about the vehicle for some time.

{¶10} After obtaining title to the vehicle through the Bureau of Motor Vehicles, Shellhouse sold the body of the vehicle to defendant Dennis Sayre. Shellhouse sold the parts that had been delivered to him to individuals at swap meets.

{¶11} Appellant filed suit against appellee, Sayre, and Shellhouse alleging, inter alia, that Shellhouse's conduct in the transaction constituted theft within the meaning of appellee's policy. Sayre and Shellhouse are not parties of this appeal.

{¶12} The Essentia policy states in pertinent part:

SPARE PARTS

We will pay up to $250 for direct and accidental loss or damage to "spare parts" for your "covered vehicle".

"Spare parts" means a replacement for an item normally a part of "your covered auto" which is not currently in place on "your covered auto".

EXCLUSIONS

* * *

2. Loss or damage caused by any repairing, renovating or refinishing process unless the process results in a fire or explosion. We will pay only for damage caused by the fire or explosion.

* * *

9. Loss to "spare parts" caused by theft unless the loss results from forcible entry into the place where your "spare parts" are normally kept; into "your covered auto" itself; or into a securely locked compartment. All losses caused by theft must have visible marks of forcible entry.

* * *

11. Loss to "your covered auto" as a result of anyone causing you to voluntarily part with it as a result of any trick or scheme.

{¶13} The trial court found the term "theft" was not defined in the insurance contract, but can be defined as any wrongful deprivation of the property of another without claim or color of right. Judgment Entry at page 5, citing *Munchick v. Fidelity & Casualty Company of New York,* 2 Ohio St. 2d 303 (1965).

{¶14} The court found the language in the policy was not ambiguous. The court found it was undisputed appellant voluntarily gave Shellhouse the vehicle and the parts, and also found that appellant conceded Shellhouse was "running a scheme". The court found declaring the vehicle abandoned and selling it and its parts to other

individuals is exactly the type of situation that is excluded by the policy, specifically, the exclusion for when a party voluntarily parts with the property as a result of a trick or scheme.

{¶15} Appellant stated Shellhouse had tried to placate him by saying that the vehicle was almost done, but in hindsight, appellant felt Shellhouse was trying to deceive him. Appellant speculated Shellhouse "got in over his head" and had more cars than he could fix or restore. Appellant agreed Shellhouse entered into contracts he could not fulfill, and appellant was not sure that Shellhouse ever intended to perform the restoration.

{¶16} We find the court erred in determining the above constituted an admission by appellant that Shellhouse induced him to part with his vehicle as a result of a trick or scheme. From the facts above, reasonable minds could infer Shellhouse accepted the vehicle intending to do the restoration, but at some point could not or would not do so and attempted to deceive appellant as to the progress he had made.

{¶17} Shellhouse retained possession of the vehicle for some five years before obtaining title and selling it, a fact that contradicts the notion that Shellhouse originally obtained possession of the vehicle as part of a trick or scheme to resell it to a third party. The fact he accepted the vehicle in 2003 and did not re-sell it until 2008 could lead reasonable minds to differ on the question of whether Shellhouse induced appellant to part with the vehicle as part of a scheme or trick.

{¶18} The trial court also found there was no coverage for the spare parts because there was no forcible entry. The court found Shellhouse was entrusted with the parts and he sold them to third parties.

**{¶19}** We find the court erred in finding reasonable minds could not differ on whether the parts in question were "spare parts". Admittedly, when Shellhouse resold appellant's property, he sold the parts separately from the frame. Shellhouse had received the new parts several years earlier, and allegedly failed to promptly do the restoration work, which would have included installing the parts in the vehicle. Reasonable minds could differ on whether the alleged theft was a theft of spare parts or component parts of the vehicle. Given the passage of time between accepting the parts and reselling them could be construed as more in the nature of operating a "chop shop" in selling the component parts of the vehicle separately from the frame.

**{¶20}** The trial court found the "universe of coverage" does not list abandonment as a covered event, and we agree there is no coverage if the property is determined to have been abandoned. However, the coverage does include theft and larceny. The question of whether the vehicle and its component parts were stolen or abandoned is a question of material fact, and the court should not have granted summary judgment on the issue.

**{¶21}** We find on the evidence presented reasonable minds could differ on the material facts and inferences to be drawn therefrom. Accordingly, we conclude the trial court erred in granting summary in favor of appellee.

**{¶22}** The assignment of error is sustained.

**{¶23}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concurs

separately

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS

WSG:clw 0328

EDWARDS, J., CONCURRING OPINION

{¶24} I concur with the analysis and disposition of this case except for the analysis of the issue of whether the "parts" in question were "spare parts." I would find that whether or not the parts, obtained for the construction of this Shelby clone automobile, are spare parts pursuant to the definition of spare parts in the insurance policy is primarily a question of law and, therefore, could be determined by the trial court.

_____

Judge Julie A. Edwards

[Cite as *Magolan v. Shellhouse* , 2012-Ohio-2144.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KYLE MAGOLAN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEITH SHELLHOUSE DBA | : | |
| INDEPENDENT AUTO BODY | : | |
| | : | |
| ESSENTIA INSURANCE COMPANY | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011-CA-105 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.

_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS